*In the Matter of the Petition of* JAMES H. SMITH *for a Writ of Habeas Corpus.*

1. Under the statutes of Oklahoma requiring that prosecutions for adultery can only be commenced and carried on by his or her own husband, or wife, as the case may be, or by the husband or wife of the other party to the crime. *Held:* That such prosecution cannot be commenced and carried on by a woman after she has obtained a decree of divorcement from the party charged to have committed the crime.

*Henry Rucker*, for petitioner.

*S. H. Harris*, contra.

The opinion of the court was delivered by

DALE, C. J.: This was an original proceeding in-

stituted by *habeas corpus*, in the supreme court, on the application of James H. Smith for release from imprisonment in the jail of P county, in this territory, the petitioner alleging that he is restrained of his liberty ,by an order of the judge of the district court of P county, Oklahoma, remanding 'him to the prison of the county to await the action of the grand jury of the next term of the court of said county.

The petitioner alleges that, at the May term of the district court of P county, an indictment was found charging him with the crime of adultery, and to which indictment he demurred; that the demurrer was sustained, and he was by the court remanded to await the action of the grand jury as above stated, to be convened at the next term of the district court of P county. The illegality of the restraint is alleged to rest upon the statutes of Oklahoma; that under our statute a provision is made whereby prosecutions for adultery can only be commenced and carried on against either of the parties to the crime by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime. It is claimed that, the demurrer being sustained in this case, it is a bar to a further prosecution, because the ground upon which the objection is sustained cannot be avoided in a new indictment. Upon the hearing of the case a statement was agreed to and submitted to this court as a correct exposition of the facts in the case.

The material facts in such agreed statement are as follows:

"That the petitioner is in the P county, Oklahoma territory, jail, and is in the custody of the said J. C. Scruggs, sheriff of said P county.

"That the cause of the restraint is as alleged in the petition of *habeas corpus*.

"That the petitioner is the same James H. Smith, against whom an action of divorce was brought in the

P county district court by one Mary J. Smith, plaintiff.

"That said Mary J. Smith, plaintiff in said action of divorce, is the identical Mary J. Smith whose lawful husband the indictment alleged petitioner to be.

"That the Mary M. Todd mentioned in the indictment as the party with whom petitioner committed adultery is not a married woman.

"That the exhibits filed and made a part of petitioner's petition herein are copies of the originals, of which they purport to be copies, and shall be used as evidence in the hearing without objection that they are not the originals, and therefore not the best evidence.

"That there was a judgment of divorce rendered in said action so brought by the said Mary J. Smith against this petitioner, and that said judgment was rendered on June 4, 1894, and is unappealed from, and that no notice of appeal therefrom has been filed in said action."

As exhibits, appear the petition for divorce filed in the district court of P county, February 12, 1894, by Mary J. Smith against Harvey J. Smith; also copy of the summons in said cause, issued February 14, 1894, the return thereon, showing personal service on the defendant on the day following the issuance of the summons. And there further appears as an exhit a copy of a decree of divorce granted in the case, duly signed by the judge of the district court, bearing date June 5, 1894.

From the record as above set forth it appears that a divorce proceeding was instituted prior to the time the indictment was returned against the defendant, charging him with adultery; that a demurrer to such indictment was sustained by the court, after the divorce proceedings were instituted and before the decree was granted; that if the petitioner is prosecuted for the crime of adultery, such prosecution can only be commenced and carried on by the person who has procured the divorce, as the person with whom the

adultery is charged to have been committed is an un-married person, and under our statute is not a proper party either to commence or carry on a prosecution for adultery.

It appears that all steps taken to procure the divorce were regular. Under the facts, then, before us, the sole question for our determination is: Can the defendant be indicted and convicted of the crime of adultery?

Section 2173, page 468, statutes of Oklahoma, reads as follows:

"Adultery is the unlawful, voluntary sexual inter-course of a married person with one of the opposite sex, and when the crime is committed between parties, only one of whom is married, both are guilty of adultery. Prosecutions for adultery can be com-menced and carried on against either of the parties to the crime, only by his or her own husband or wife, as the case may be, or by the husband or wife of the other party to the crime."

Section 4551, page 876, provides:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and shall be a bar to any claim of the party for whose fault it was granted in or to the property of the other, epcept in cases where actual fraud shall have been committed by or on behalf of the successful party. Every judgment of divorcement granted by a district court shall be final and conclusive unless appealed from within the time and in the man-ner herein provided. A party desiring to appeal from a judgment granting a divorce, must, within ten days after such judgment is rendered, file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment; and unless such notice be filed no appeal shall be had or taken in such cause; if notice be filed as aforesaid, the party filing the same may commence proceedings in error for the reversal or modification of such judgment at any time within four months from the date of the decree

appealed from, and not thereafter; but whether a notice be filed as herein provided or not, or whether proceedings in error be commenced as herein provided or not, it shall be unlawful for either party to such divorce suit to marry any other person within six months from the date of the decree of divorcement; and if notice be filed and proceedings in error be commenced as herein before provided, then it shall be unlawful for either party to such cause to marry any other person until the expiration of thirty days from the day on which final judgment shall be rendered by the appellate court on such appeal; and every person marrying contrary to the provisions of this section shall be deemed guilty of bigamy, and such marriage be absolutely void."

Section 4553, p. 877, upon the same subject, reads as follows:

"Every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time."

In the case before us, in order to hold that the petitioner can be indicted and punished for adultery, we must find either that the divorce was so improperly granted that it is void upon its face, or that the divorce cannot take effect for any purpose until the expiration of the six months from the date of its rendition. No suggestion of any irregularity in the proceedings had for the procurement of the divorce has been advanced, and from our inspection of the record we are of the opinion that such proceedings were in all respects regular.

This leaves but the question of whether or not the divorce operates as a bar against the wife in prosecuting the husband for the crime of adultery. This divorce was had on the application of the wife, and in so far as she is concerned, must be considered final. The section of the statutes providing for appeal requires a notice to be filed in the office of the clerk

of the district court within ten days from the date of the judgment of divorce, which notice must state that it is the intention to appeal, and unless such notice is so filed, no appeal will lie. The judgment of divorce was taken June 4, and within the ten days no notice of appeal was filed, and the defendant is thereby barred from obtaining a reversal of such judgment.

The sections providing for appeals in divorce cases, and for making the decree recite the fact that the divorce does not become absolute and take effect until the expiration of six months from the date of the rendition of the judgment, must be considered to apply only to that portion of § 4551 which relates to appeals and remarrying within six months following the date upon which the divorce is granted.

Taking this view, that part of § 4551 which makes the judgment of divorcement final and conclusive, is in entire harmony with all the other provisions of the statute regulating divorce proceedings. We are of the opinion that, under the facts as presented in this case, no indictment can be returned against the petitioner for the crime charged against him, and he is, therefore, discharged from the custody of the sheriff.

All the Justices concurring.