## BARNETT v. FREDERICK et al.

No. 1711. Opinion Filed May 14, 1912.

(124 Pac. 57.)

DIVORCE—Judgment—Construction. Section 6182, Comp. Laws 1909, which provides that "every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time," must be considered to apply only to that portion of section 6180 of the same chapter which relates to appeals and remarrying within six months following the date upon which the divorce was granted.

(Syllabus by the Court.)

Barnett v. Frederick et al.

*Error from District Court, Haskell County;*
*Malcolm E. Rosser, Judge.*

Action between May Barnett and J. W. Frederick and others. From the judgment, May Barnett brings error. Affirmed.

*Brown & Lawrence,* for plaintiff in error.

*A. C. King,* for defendants in error.

KANE, J. The only question involved herein is, Does a decree of divorce take effect so as to affect property rights before the expiration of six months from the day and date when such judgment was rendered? The court below answered the question in the affirmative, and we are of the opinion that its answer is correct. That has been the law in this jurisdiction for a great many years. In an opinion written by Chief Justice Dale in 1894, it was held that section 4553, p. 877, St. of Okla. 1893 (section 6182, Comp. Laws 1909), which provides that "every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time," must be considered to apply only to that portion of section 6180 of the same chapter which relates to appeals and remarrying within six months following the date upon which divorce was granted. *In re Smith,* 2 Okla. 153, 37 Pac. 1099. The Smith case was cited with approval in *Durland v. Durland,* 67 Kan. 734, 74 Pac. 274, 63 L. R. A. 959, where statutes identical with ours were construed and the same conclusion reached. The Supreme Court of Kansas has followed *Durland v. Durland, supra,* in *Philips v. Philips,* 69 Kan. 324, 76 Pac. 842; *Jacobs v. Gaskill,* 69 Kan. 872, 77 Pac. 550; *Woolverton v. Johnston,* 69 Kan. 708, 77 Pac. 559; *Cooper v. Bower,* 78 Kan. 156, 96 Pac. 59.

On the authority of the foregoing cases, the judgment of the court below is affirmed.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.