**OKLAHOMA PUBLISHING CO. et al. v. GREENLEE et al.**

No. 21670. Opinion Filed June 2, 1931.

Rehearing Denied June 30, 1931.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Charles L. Roff, Jr., Geo. C. Hill, and C. W. Van Eaton, for respondents.

McNEILL, J. This is a proceeding by petitioner, Oklahoma Publishing Company, and Union Indemnity Company, its insurance carrier, to review an award of the State Industrial Commission, made and entered on the 1st day of July, 1930.

On April 28, 1929, the respondent, J. P. Greenlee, received an injury to his right eye while delivering newspapers for the Oklahoma Publishing Company. The respondent quit work on May 4, 1929, and did not return to his work until December 5, 1929. At the time of his injury, his average daily wage was about $9 per day. The respondent had long prior to the receipt of this injury lost the use of his left eye by an accidental shot from a gun. The respondent on the 8th day of March, 1929, entered into a contract with the Oklahoma Publishing Company, which contract is as follows:

"Independent Haulers Contract.

"The Oklahoma Publishing Company, publishers of the Daily Oklahoman and the Oklahoma City Times, party of the first part, and J. P. Greenlee of Seminole, Okla., party of the second part, hereby contract and agree:

"Second party agrees during the life of this contract to receive from station or designated place at Seminole, Okla., each day in the fore/afternoon, newspapers published by first party (weight not to exceed 500 pounds), and safely carry and deliver, or cause the same to be done, said newspapers to subscribers on field route, or other place specifically designated, with due speed, only unavoidable delay being excepted.

"First party agrees to pay second party in full for such work $25 per week payable weekly.

"It is understood and agreed that the second party shall do, or cause such work to be done, according to his own methods, in such conveyance, or in such manner as he alone shall determine, and at his own risk and expense, being responsible to the first party only for the above specified result; namely, the safe carriage and delivery of the said papers at the time above stated.

"This agreement may be terminated by either party upon ten days notice in writing.

"Dated this 8th day of March, A. D. 1929.

"The Oklahoma Publishing Co.,

"S. E. Hough, First Party,

"J. P. Greenlee, Hauler, Second Party."

The respondent states the circumstances in reference to sustaining the injury to his right eye as follows:

"Well, I was delivering papers on the route and I stopped the car to pick up a bundle of papers and started across the road, and there come up a whirlwind and it blew something in my eye, and I couldn't finish my route."

There is no controversy in reference to the facts in this case. The gist of the action centers on the contract entered into between the Oklahoma Publishing Company and the respondent. The respondent in the performance of the work under the contract used his own automobile truck and hired two boys, who rode on the sides of the car and either delivered or threw the papers to the various subscribers of the Oklahoma Publishing Company. There was no route mapped out or designated for him to take, or as to how or where he should go. This was entirely left to respondent. Respondent was given a commission for what customers he could obtain and was allowed a commission of 19 3-4 cents on each paper each week to each customer in addition to the $25 per week. He paid the boys for their work in assisting him in delivering these papers. After the injury the respondent hired others to continue this work for him under the contract, and the respondent testified that

he did not work around any of the machinery and did not work around the plant of the Oklahoma Publishing Company, but was engaged in the performance of the delivery of these papers under his contract. He commenced his work under the terms of the contract about October 1, 1928. Since December 5, 1929, said respondent engaged a portion of his time in driving a team and as a night watchman.

The petitioners contend that the Commission's finding that the respondent was in the employ of the Oklahoma Publishing Company on the date of his injury is not reasonably supported by any evidence, and that the evidence shows that said respondent was an independent contractor.

The petitioners discussed other errors, but it will not be necessary to discuss the same.

The contract in question is designated as "Independent Hauler's Contract." It specifically provided therein that if respondent would daily carry and deliver, or cause the same to be done, not to exceed 500 pounds of newspapers of said Oklahoma Publishing Company to be received by him at Seminole, Okla., the company would pay him $25 a week for this service. The respondent agreed to do this work "or cause such work to be done, according to his own methods, in such conveyance, or in such manner as he alone shall determine at his own risk and expense," being responsible to the Oklahoma Publishing Company "only for the specified result, namely, the safe carriage and delivery" each day of its papers to its subscribers at Seminole, Okla. In pursuance of this contract the respondent did use his own automobile truck and hired boys to assist him in the performance of this contract and used his own methods for delivering the papers. There is nothing in the contract or in the evidence to indicate that the Oklahoma Publishing Company in any manner attempted to direct, oversee, or take charge of the manner and method of this delivery of papers; but, on the contrary, the respondent was at liberty to have this work done in his own way by whomsoever he might choose. He could and did furnish his own car and selected his own route for the purposes of such delivery. It was not even necessary for him to personally perform this work, for the contract specifically provides that he may "cause the same to be done." The contract on this question is as follows:

"It is understood and agreed that the second party (respondent herein) shall do or cause such work to be done, according to his own methods, in such conveyance or in such manner as he alone shall determine and at his own risk and expense, being responsible to the first party only for the above specified result; namely, the safe carriage and delivery of the said papers at the times above stated."

This language is clear and permits the work to be done under the respondent's own direction and to use whatever method he saw fit to make these deliveries at his own risk and expense, and he was only responsible to the Oklahoma Publishing Company for the result, to wit, "safe carriage and delivery" of the papers at the time stated in his contract. It was not a contract for personal service, but for the delivery of papers.

Our court has many times defined an independent contractor. The general rule is that an independent contractor is one who contracts to do a piece of work according to his own methods and without being subject to the control of the party with whom he contracts except as to the result of the work.

As was said in the case of Southern Construction Co. v. State Industrial Com., 112 Okla. 248, 240 Pac. 613, as follows:

"An 'independent contractor' is one who engages to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work."

To the same effect see Western Paving Co. v. State Industrial Com., 141 Okla. 140, 284 Pac. 304; Tahona Smokeless Coal Co. v. State Industrial Com., 128 Okla. 188, 261 Pac. 941; Fox v. Dunning, 124 Okla. 228, 255 Pac. 582; New Amsterdam Casualty Co. v. Rinehart & Donavan Co., 124 Okla. 227, 255 Pac 587; Green v. State Industrial Com., 121 Okla. 211, 249 Pac. 933, and Riverland Oil Co. v. Chisholm, 143 Okla. 120, 287 Pac. 379.

We are of the opinion that the respondent was an independent contractor, and by reason thereof does not come within the provisions of the Workmen's Compensation Law (Comp. St. 1921, sec. 7282, et seq., as amended). The Commission awarded respondent for temporary total disability and permanent partial disability and the medical expenses of claimant incurred by reason of the accidental injury sustained by respondent.

We conclude that the Commission was in error, and the award is vacated and set aside.

RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.

LESTER, C. J., and CULLISON, J., absent. CLARK, V. C. J., not participating.