## CAMPBELL et al. v. ELLEDGE et al.

No. 27990.   Dec. 13, 1938.

Butler, Brown & Rinehart, for petitioners.

W. J. Donohue and Mac Q. Williamson, Atty. Gen., for respondents.

RILEY, J. This is an original proceeding to review an award of the State Industrial Commission. This is the second time the matter has been before this court. Our first opinion is reported in 177 Okla. 601, 61 P.2d 223. Therein this court vacated the award for the reason that there was no competent evidence to sustain an award against the Campbell Oil Company. Now the award has been reentered on the same evidence against Glen A. Campbell. By this proceeding he seeks to vacate the award and, among other things, alleges that at the time of the accidental injury the respondent was an independent contractor.

We are of the opinion that this question will dispose of the matter, and shall limit ourselves to the discussion of it alone.

Claimant was paid $20 per diem for his services, the use of his machine, and for one helper. The uncontradicted evidence is that Campbell, the employer, agreed to and did have his own representative, one Porter, on the job to supervise and direct the work.

The fact that Campbell did not carry respondent on his books as an employee did not make claimant an independent contractor. He was paid by the day for the time he worked with his machine and helper. Porter supervised operations.

From this we conclude that claimant was an employee and not an independent contractor. The commission so found, and the evidence sustains such finding.

The petition to vacate the award is denied, and the award is affirmed.

OSBORN, C. J., and WELCH, CORN. HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and GIBSON and DANNER, JJ., absent.