**STATE HIGHWAY COMMISSION v. GASTON et al.**

No. 29137.    Oct. 17, 1939.

Claude Weaver, Jr., of Oklahoma City, and Floyd Green, of Sallisaw, for petitioner.

Fred M. Hammer and M. J. Parmenter, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action in this court brought by the State Highway Commission of the State of Oklahoma, hereafter referred to as petitioner, to obtain a review of an award made by the State Industrial Commission in favor of Glen L. Gaston, hereafter referred to as respondent.

On September 14, 1936, respondent, while engaged in hauling black top on a highway construction project, sustained an accidental personal injury which resulted in the loss of his left arm. The injury and extent thereof are not in issue here. On November 17, 1936, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation. The petitioner denied liability, and at the hearings held to determine that issue sought to establish as a fact that respondent was an independent contractor and not an employee. The State Industrial Commission found, among other things, that respondent was an employee, and that his average daily wage was $2.80, and awarded compensation in accordance with said findings.

The petitioner attacks both of the findings so made. In support of the contention that respondent was an independent contractor and not an employee, the petitioner points to the fact that the respondent was the owner of the truck which he was operating and that he was paid upon a per yard, per mile basis for the services of himself and his truck, and insists that this fact brings the respondent within the rule announced in the cases of Wagoner v. A. A.

Davis Const. Co., 112 Okla. 231, 240 P. 618; Southern Const. Co. v. State Industrial Commission, 112 Okla. 248, 240 P. 613; Maryland Casualty Co. v. State Industrial Commission, 148. Okla. 204, 298 P. 275; Oklahoma Publishing Co. v. Greenlee, 150 Okla. 69, 300 P. 684; Porter Const. Co. v. Burton, 156 Okla. 72, 8 P.2d 64; Southland Cotton Oil Co. v. Prichett, 167 Okla. 6, 27 P.2d 819; Matherly v. Hamer, 174 Okla. 403, 50 P.2d 619. In the cases thus cited, as well as numerous other decisions of this court not cited, this court has had occasion to distinguish independent contractors, servants, agents, and employees, and has repeatedly held that where an individual is in fact an independent contractor, he may not recover compensation. Under the facts shown in this record, however, we are of the opinion that the foregoing rule has no application, since it clearly appears by petitioner's own admission that it at all times reserved the right to discharge the respondent for any reason or none; and since it further appears from the evidence that the petitioner both reserved and exercised an almost absolute control over the respondent with respect to the time which he should report to work, the time when he should quit work, the route over which he should make his hauls, and the load which he might haul at any one time, and through its foreman had direct supervisory control not only of the respondent and his truck, but over all of the like trucks and men who were engaged on the job. Under such state of facts we are of the opinion that the rule announced in the case of Utility Coal Co. v. Rogez, 170 Okla. 264, 39 P.2d 60, is the one which should be properly applied. As said therein:

"One of the tests to determine whether a person is an employee of another is to ascertain whether, at the time the injury was suffered, the other was subject to such person's order and control and was liable to be discharged for disobedience of orders or misconduct."

See, also, Briscoe Construction Co. v. Miller, 184 Okla. 136, 85 P.2d 420.

The final contention of the petitioner is that the finding by the commission that the respondent's average daily wage at the time of his injury was $2.80 is wholly unsupported by any competent evidence is well taken. The respondent concedes that there is no evidence to support this finding, and by cross-petition requests that this court make the proper finding and award. We cannot accede to this request, since to do so would be to invade the province of the State Industrial Commission and to substitute our judgment for theirs. On account of this error, the award must be vacated. See Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P.2d 777; Texas Co. v. Fox, 179 Okla. 528, 66 P.2d 908; Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P.2d 1031.

Award vacated.

WELCH, V. C. J., and CORN; GIBSON, HURST, and DANNER, JJ., concur.