MASON v. STATE INDUSTRIAL COMMISSION et al.

No. 29062. March 25, 1941.

*111 P. 2d 814.*

Potter & Potter, of Blackwell, and Neal A. Sullivan, of Newkirk, for petitioner.

Preston Peden, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Earl Mason, hereinafter referred to as petitioner, to obtain a review of an order made by the State Industrial Commission on January 3, 1939, which denied a claim to compensation which he was asserting against Kay county, hereinafter referred to as respondent.

The record shows that on September 6, 1934, the petitioner filed with the State Industrial Commission his first notice of injury and claim for compensation for disability which he alleged had resulted from an injury sustained on June 15, 1934, as the result of the overturning of his truck while he was hauling sand from a pit maintained by Kay county on the banks of the Chikaskia river. The respondent denied that the petitioner was in its employ at the time of the injury and alleged that he was an independent contractor. As the result of hearings held to determine liability and extent of disability the State Industrial Commission, on August 1, 1935, entered an order which dismissed for lack of jurisdiction the petitioner's claim to compensation. This order was vacated by an order nunc pro tunc on July 10, 1936, and further hearings were conducted, and at the conclusion thereof the commission entered the order which we are now called upon to review. In this order the State Industrial Commission made the following finding of fact:

"That at the time of said accidental injury the claimant was an independent contractor and not an employee as defined by the provisions of the Workmen's Compensation Act, and that the relationship of master and servant did not exist."

Upon the foregoing finding of fact, compensation was again denied.

The petitioner contends that, since the respondent offered no evidence and petitioner's evidence was uncontroverted and showed that at the time of his injury he was hauling sand for Kay county in his own truck and upon a per yard per mile basis, that this brought him within the rule announced by this court in the case of State Highway Commission v. Gaston, 185 Okla. 540, 94 P. 2d 915, and that therefore the State Industrial Commission was obliged, under the record,

to make an award of compensation in his favor. The fallacy lies in the major premise. The evidence of the petitioner did show that he was hauling sand for the respondent in his own truck and upon a per yard per mile basis, but it also showed that in doing so it was under an arrangement which left him free from any control or direction by the respondent, and that the parties never intended that the relation of master and servant should exist, and that the petitioner was never carried on the rolls of the respondent county as an employee, but was merely paid on the basis of sand delivered and the length of the haul. This is a very different situation from that which was involved in the case of State Highway Commission v. Gaston, supra. The evidence of the petitioner was not such as would compel a single conclusion, but was rather such as would justify the finding and conclusion reached by the commission. This court is committed to the rule that whether a workman is an employee or an independent contractor is usually a question of fact to be determined from all of the evidence, and only becomes a question of law when but one conclusion can be drawn from the facts shown. Liebmann Ice Co. v. Moore, 186 Okla. 216, 97 P. 2d 37; Briscoe Const. Co. v. Miller, 184 Okla. 136, 85 P. 2d 420; Barnsdall Refining Co. v. State Industrial Commission, 163 Okla. 154, 21 P. 2d 749; Getman - MacDonnell - Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149; Oklahoma Pipe Line Co. v. Lindsey, 113 Okla. 296, 241 P. 1092.

The finding and order of the commission is one which was made in administering relief under the Workmen's Compensation Law and is supported by competent evidence shown in the record, and therefore will not be disturbed by this court on review. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

Order sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.