STATE HIGHWAY COMMISSION et al. v. BREWER et al.

No. 32042. Oct. 2, 1945.

Rehearing Denied Feb. 5, 1946.

*165 P. 2d 612.*

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioners.

Claud Briggs and Thad L. Klutts, both of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. Roy R. Brewer, hereinafter referred to as respondent, filed his first notice of injury and claim for compensation on July 7, 1944, therein stating that on the 24th day of June, 1944, while employed as a laborer for the State Highway Commission, hereinafter referred to as petitioner, he sustained an accidental injury arising out of and in the course of his employment when he injured his head and chest, ribs, and pelvis and suffered internal injuries due to a collision with a truck driven by another employee of the State Highway Commission.

On the 21st day of November, 1944, the State Industrial Commission entered an award finding that as a result of the accidental injury the respondent is temporarily totally disabled and ordering payment not to exceed 300 weeks. The petitioner, together with the State Insurance Fund, seeks a review of the award. The sole argument presented is that the respondent is an employee of W. K. Welch and not an employee of the petitioner.

The evidence reasonably tends to disclose without substantial dispute that the respondent had been in the employ of the petitioner during the month of May. About the middle of this month he entered into an agreement to drive a truck for Welch. Welch had two trucks, one Welch drove himself and the other he turned over to the respondent. After respondent began to drive the truck for Welch the State Highway Commission paid all the money for the gravel hauled by the respondent to Welch, and the testimony of Welch is that Welch paid respondent one-

fourth of the amount his truck made. All truck drivers were paid the same based on a scale beginning at five cents per yard for the first five miles and graduating in a manner not necessary to recite. This applied to truck drivers employed and paid as admitted employees of the State Highway Commission and to the truck drivers of the Welch trucks. The project upon which the State Highway Commission was working at the time of the accident involved was near the town of Talihina in the neighborhood of the Windingstair Mountain on State Highway No. 2. It had been hard surfaced before and the State Highway Commission was in the process of repairing the road. For this purpose petitioner kept a checker where the trucks were loaded at the gravel pit and a checker where the trucks were unloaded, and either the checker or some other employee of the State Highway Commission supervised the loading and unloading of the trucks. This supervision was indiscriminate as to whether the truck was being driven by an employee of the State Highway Commission or by a so-called independent contractor. The State Highway Commission by its rules required all parties conducting hauling relations with it, such as Welch, to sign an instrument referred to as a contract, and in that instrument it is provided that Welch is not an employee but is an independent contractor. At about 2 o'clock of the afternoon of June 24, 1944, another truck coming down the Windingstair Highway collided with the truck driven by the respondent causing the accident. The cause and extent of the disability are not disputed.

In Williams v. Branum, 192 Okla. 129, 134 P. 2d 352, we held that this court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact and conclusions of law.

In State Highway Commission v. Gaston, 185 Okla. 540, 94 P. 2d 915, we held that where compensation is paid on a per yard, per mile basis, and superior control and direction of the manner, method, and time of performance of the work is retained by the parties paying such compensation, the relation created is that of master and servant and not that of principal and independent contractor.

Petitioner insists that since respondent was driving the Welch truck and the State Highway Commission paid Welch, there was no right to hire and discharge. The method of payment is not conclusive. In re Murray's Case, 130 Me. 181, 154 Atl. 352, 75 A. L. R. 720, and former annotations at 20 A. L. R. p. 684, and following. In Oklahoma Publishing Co. v. Greenlee, 150 Okla. 69, 300 P. 684, it is stated the thing for which the claimant was hired was not a personal service but a contract. Conversely herein there is not a contract for the delivery of gravel. It was a personal service, personally directed, in spite of the written instrument demanded and obtained by the State Highway Commission. Hauling gravel for the State Highway Commission, under the rules and customs of the State Highway Commission, under the facts and circumstances of the case at bar has none of the elements of an independent contractor. Not an item of his labor as performed by the respondent for the State Highway Commission, the petitioner herein, prior to his discharge on or about May 15, 1944, was changed by his work with the Welch truck except that the State Highway Commission paid Welch and Welch paid the respondent. The same direction and the same control continued as when he was an admitted employee. The courts do not make the right to discharge the employee the sole test as to whether he is an independent contractor. Wagoner v. A. A. Davis Const. Co., 122 Okla. 231, 240 P. 618; 14 R. C. L. p. 72.

In determining whether the relation between a principal contractor and another engaged in work on the subject

matter of the contract is that of master and servant or an independent contractor, the test is whether the principal contractor reserves the power to control the latter. Matherly v. Hamer, 174 Okla. 403, 50 P. 2d 619; Fox v. Dunning, 124 Okla. 228, 255 P. 582; Getman-MacDonnell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149; Kaw Boiler Works v. Frymyer, 100 Okla. 81, 227 P. 453, and 39 C.J. sec. 1518, page 1316-17, note 8.

The award of the State Industrial Commission is sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.