**JOHNSON v. HASKELL LEMON CONST. CO. et al.**

No. 35830.

Supreme Court of Oklahoma.

Oct. 6, 1953.

Harlan I. Pahlka, Oklahoma City, and Robert Park, Chickasha, for petitioner.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

William H. Johnson, hereinafter called claimant, filed his first notice of injury and claim for compensation on the 13th day of August, 1952, stating that while driving a truck for the Haskell Lemon Construction Company he sustained an accidental injury on August 4, 1952, when he strained his back. Hearings were conducted to determine the cause and extent of the disability, and, at the conclusion of the hearings, the State Industrial Commission entered an order finding that claimant was not an employee of Haskell Lemon Construction Company but was an independent contractor; and therefore denied the award. This proceeding is brought by claimant to review the order denying the award, with the employer and its insurance carrier, Tri-

State Insurance Company, appearing as respondents.

■ Claimant first argues that the Commission erred as a matter of law in holding that he was an independent contractor and insists that this court will review the evidence and make its own determination on this question. This court has so held. See Williams v. Branum, 192 Okl. 129, 134 P.2d 352.

■ It will therefore be necessary to review the evidence to determine this question. Claimant testified that he went to work for the employer on the morning of July 28, 1952; that he did not talk to the manager, Mr. Lemon, but to someone he afterwards determined was the foreman. Later on that day, he talked to Mr. Lemon, and the price for hauling gravel was fixed at 4½ cents per yard per mile. He worked until the morning of August 5, 1952, when he sustained the injury of which complaint is made. Claimant points out several things upon which he relies to establish the construction company's right to control or supervise his work but the evidence, in which there is no substantial conflict, discloses only that he was to haul gravel at 4½ cents per yard per mile from the gravel pit operated by employer to a place on the highway near Amber, Oklahoma. Claimant relies upon State Highway Commission v. Brewer, 196 Okl. 437, 165 P.2d 612, and State Highway Commission v. Gaston, 185 Okl. 540, 94 F.2d 915. The rule applicable is announced in Williams v. Branum, supra, in a situation very similar to the one under consideration. Therein we said [192 Okl. 129, 134 P.2d 353]:

"One who contracts with another to haul gravel at a specified amount per ton, who used his own truck and was free from a supervision, except as to place and time of hauling, held, Independent Contractor and not within the purview of Workmen's Compensation Act."

After a review of all the evidence we are of the opinion and hold that the rule in Williams v. Branum, supra, applies. Claimant furnished his own truck and worked at times chosen by him, at his own expense, and was directed only as to the point from which he was to haul the gravel and the point at which it was to be delivered. There was no other right or power of control. The State Industrial Commission did not err in denying the award. Its order is sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, O'NEAL and WILLIAMS, JJ., concur.