WOODS COUNTY, Oklahoma, and State Insurance Fund, Petitioners,

v.

Virginia TUCKER, Guardian of the Person, and Sterling Tucker, Guardian of the Estate of Deborah Sue Tucker, a minor, and the State Industrial Commission, Respondents.

No. 37534.

Supreme Court of Oklahoma.

June 4, 1957.

Cargill, Cargill & Chiaf, Oklahoma City, for petitioners.

H. C. Crandall, John B. Doolin, Alva, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Virginia Tucker as guardian of the person and Sterling Tucker as guardian of the estate of Deborah Sue Tucker, a minor, commenced this proceeding before the State Industrial Commission to recover an award under the death benefit provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., for the death of Gail W. Tucker resulting from an accidental injury received December 13, 1955, while employed by Woods County, Oklahoma. The award entered is in substance as follows:

"That Gail W. Tucker, deceased, sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, on December 13, 1955, consisting of multiple injuries, from which he died on the same date.

"That deceased left as his sole and only dependent heirs at law, his divorced widow, whose divorce had not become final, and his minor daughter, Deborah Sue Tucker, age five years.

"That the Commission finds that the purported divorce of the widow was not final, and that she, Virginia Tucker, is a legal dependent of deceased, and it is the order of the Commission that she be paid $500.00 from the award of $13,500.00, which is provided by law in such cases; that the balance of said award be paid as follows: $11,150.00 to Sterling Tucker, guardian of the estate of Deborah Sue Tucker, a minor, and $1,850.00 to claimant's attorneys, John B. Doolin and A. C. Crandall.

"It Is Therefore Ordered that respondent or insurance carrier pay to the claimants the $13,500.00 award as follows: $500.00 to Virginia Tucker, $11,150.00 to Sterling Tucker, guardian of the estate of Deborah Sue Tucker and $1850.00 to attorneys, John B. Doolin and A. C. Crandall; that within twenty days from the date of filing of this order, respondent or insurance carrier file herein proper receipt evidencing compliance herewith."

The record discloses that Gail W. Tucker, hereinafter called decedent, owned his own truck and while using it to haul gravel for Woods County, Oklahoma, was killed when his truck collided with a truck driven by another employee.

It is first argued that the State Industrial Commission erred in finding that Gail W. Tucker was an employee of Woods County. The evidence discloses that decedent was hired to haul gravel. The county commissioner who hired decedent testified that decedent worked by the hour and was under his direction and control and that he told decedent where to get the gravel, where to spread the gravel and where to dump the gravel; that decedent could be discharged by him at any time; that his working hours were from 8 o'clock A.M. until 4:30 P.M. with thirty minutes off for lunch.

We are of the opinion and hold that under the rule announced in State Highway Commission v. Gaston, 185 Okl. 540, 94 P.2d 915 and State Highway Commission v. Brewer, 196 Okl. 437, 165 P.2d 612, there was no error in finding that decedent was an employee of Woods County.

In State Highway Commission v. Brewer, supra, it is stated:

"In determining whether or not a workman is an employee or an independent contractor, this court will, in a proceeding to review an order of the State Industrial Commission, review the law and the facts independently and make its own findings as to the question of law and fact.

"Where compensation is paid on a per yard, per mile basis and superior control and direction of the manner,

method and time of performance of the work is retained by the parties paying such compensation, the relation created is that of master and servant and not that of principal and independent contractor."

The decedent was not paid for each load of gravel hauled but was paid by the hour. The fact that he furnished his own truck is not the determining factor. The chief element to be considered is the right to direct and control the employee.

The present case is not in conflict with the case of Imperial Paving Co. v. Russell, Okl., 308 P.2d 278. The factual situation in that case was conclusive that the relationship of master and servant did not exist while here there is an abundance of evidence showing the existence of the relationship of master and servant.

It is next argued that the State Industrial Commission erred in entering an award for the reason that the claim was not filed by the administrator of the estate of Gail W. Tucker. Petitioner cites E. G. Nicholas Const. Co. v. State Industrial Commission, 207 Okl. 428, 250 P.2d 221, and Willis v. Capitol Well Servicing Co., Okl., 285 P.2d 388. In E. G. Nicholas Const. Co. v. State Industrial Commission, supra [207 Okl. 428, 250 P.2d 222], it is said:

"In the absence of a surviving widow, or the appointment of a personal representative, a claim for death benefits under the provisions of the Workmen's Compensation Law must be filed and prosecuted by the next of kin. All persons of the next of kin are necessary parties."

In the case under consideration both the widow and the administrator are parties and both act in their representative capacity. E. G. Nicholas Const. Co. v. State Industrial Commission, supra. We think the fact that they appear as guardian is without legal significance. The award is for the benefit of dependents under the statute. Under the rule announced in the foregoing cases there was no fatal defect in the proceeding. The award should be amended to

direct payment to the administrator, Sterling Tucker, for the benefit of the dependent Deborah Sue Tucker.

The State Fund argues that if it is found that the decedent was an employee and that the case was properly filed the Fund cannot be held to cover gravel haulers; that the uncontradicted evidence is that the county did not list gravel haulers and it was not the intention to cover gravel haulers who used their own trucks. The fund cited Fidelity & Casualty Co. v. Baker, 162 Okl. 10, 18 P.2d 894, in which it is stated that there must be two contracts. First a contract with the employer and the insurance carrier. There is no doubt of the two contracts if we assume that the decedent was an employee. The sole question is, did the contract cover decedent? We think it did. The obligation was to cover all employees engaged in the kind of work which decedent was doing. Or, to state it differently it was the intention of the contract to cover all of the employees of Woods County engaged in hazardous employment for which the County itself would be liable. In the absence of some showing that the contract by its terms excluded the coverage of such employees decedent was covered by the contract between Woods County and the State Insurance Fund.

Finally it is argued that the State Industrial Commission erred in holding Virginia Tucker a dependent. We agree. Virginia Tucker and Gail W. Tucker were granted a divorce under date of September 16, 1955. There was no provision for any payment by Gail W. Tucker to Virginia Tucker other than a provision for support for Deborah Sue Tucker. The divorce became final as to all matters except the statutory provision against remarriage. In re Smith, 2 Okl. 153, 37 P. 1099; Barnett v. Frederick, 33 Okl. 49, 124 P. 57. It was further rendered final by the death of the decedent.

The award should be amended to direct payment to Sterling Tucker as administrator of the estate of Gail W. Tucker, deceased, for the benefit of Deborah Sue Tucker and modified by striking the pro-

vision for $500 for Virginia Tucker and making the entire award to the administrator less attorneys fees, for the benefit of Deborah Sue Tucker.

As so amended and modified the award is sustained.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.