HERRON LUMBER COMPANY, Petitioner,

v.

James HORN and the State Industrial Court, Respondents.

No. 42411.

Supreme Court of Oklahoma.

Oct. 8, 1968.

A. R. Daugherty, Oklahoma City, for petitioner.

Ed R. LeForce, Idabel, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is involved here for review an order of the State Industrial Court allowing the respondent James Horn, claimant below, total temporary compensation against the petitioner Herron Lumber Company, respondent below. Parties will be referred to as they appeared before the State Industrial Court.

Respondent is engaged in the lumber and timber business in McCurtain County, Okla-

homa. The respondent entered into a contract with one Elmer Head on a per tonnage basis to cut, remove and process timber located on a certain forty acre tract of land in McCurtain County. Head in turn secured the services of the claimant to cut a portion of the timber on a per tonnage basis. On June 10, 1966, claimant while working was struck by a falling tree and sustained serious injuries.

The parties stipulated as follows:

(a) Respondent Herron Lumber Company has qualified as an own risk carrier under the provisions of the Oklahoma Workmen's Compensation Act.

(b) The relationship between Herron Lumber Company and Elmer Head was that of independent contractor.

(c) Elmer Head had not qualified as an own risk carrier nor had he filed the insurance coverage covering his employees as required by the provisions of the Oklahoma Workmen's Compensation Act.

(d) Claimant was working at a hazardous occupation within the provisions of the Oklahoma Workmen's Compensation Act at the time he was injured and his earnings were sufficient to entitle him to maximum weekly compensation benefits.

Respondent contends the evidence establishes the relationship between claimant and Elmer Head to be that of independent contractor and is insufficient to establish an employer-employee relationship. Respondent further contends that two employees of Head were not working on the date of the accident as required by 85 O.S. 1961, § 11 to bring the accident within the provisions of the Oklahoma Workmen's Compensation Act.

Head employed claimant during the month of May, 1966, to cut and process trees. He agreed to pay the claimant forty-five cents per ton for all trees cut and processed and up until the date of the accident had paid the claimant approximately $320.98. After the trees were felled and trimmed other employees of Head skidded and hauled the logs to the respondent's sawmill a distance of about 15 miles. Claimant had worked for Head on previous occasions when he assisted with the skidding.

Claimant furnished his own power saw for cutting the trees and his own transportation to the work site. He was not required to work regular hours. The trees to be cut were marked by Head or his employees but he did not supervise the actual cutting. He was present on the job when claimant started cutting and on other occasions. Claimant was instructed as to which tract of land to cut from, and was instructed as to the specific trees to cut, and when the trees were too large for loading he was instructed to cut them into shorter lengths. The actual cutting of the trees required no supervision.

Claimant worked alone in cutting the trees. On the day of the accident two other employees of Head were present on the job for the purpose of skidding logs. One told the claimant "we have insurance—to go on to the hospital." Head had no Workmen's Compensation Insurance but he carried accident insurance the premiums on the policy being paid by respondent. The policy specifically provided, "This Policy is not in lieu of, and does not affect any requirement for coverage by Workmen's Compensation Insurance." The accident insurance company made certain payments to the claimant and paid certain medical expenses in accordance with the terms of its policy.

Head deducted no withholding or social security taxes from the amounts paid claimant.

The evidence establishes that two or more employees of Head were on the job cutting, handling, skidding and processing the trees and is sufficient to comply with 85 O.S.1961, § 11. Baldwin Hill

**56**

Company v. Lochner, Okl., 359 P.2d 228; Republic Supply Co. v. Davis, 159 Okl. 21, 14 P.2d 222.

The fact that respondent did not deduct withholding and social security taxes from the payments made to claimant is not decisive in determining the relationship of the parties. C & H Transportation Co. v. McLaughlin, Okl., 434 P.2d 229; Major Leasing Service Co. v. Cross, Okl., 394 P.2d 487.

We have examined and weighed the evidence contained in the record. Under the facts and circumstances presented here the relationship between claimant and Head was that of employer and employee as distinguished from that of independent contractor. Dierks Lumber & Coal Co. v. McDaniel, 188 Okl. 695, 112 P.2d 1082.

The award was entered solely against respondent, Herron Lumber Company, the principal employer. No award was entered against the independent contractor Elmer Head. Respondent contends that the award should have been entered primarily against Head the independent contractor and secondarily against the respondent. In Dierks Forests, Inc. v. Parnell, Okl., 331 P.2d 392, we held that where an independent contractor fails to provide insurance coverage for his employees an injured employee is "authorized to proceed ['solely'] against the principal employer and obtain an award without regard to the liability of the independent contractor." We see no reason to depart from our previous holding in the case cited. There is no merit to this contention.

The undisputed medical evidence sustains the award of the State Industrial Court allowing claimant temporary total compensation and medical expenses.

Award sustained.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.