William C. WOLFE, Petitioner,

v.

SHIPROCK CORPORATION, Mid-Continent Casualty Company and the State Industrial Court, Respondents.

No. 43475.

Supreme Court of Oklahoma.

March 24, 1970.

Don Manners, Oklahoma City, for petitioner.

Harry R. Palmer, Jr., Norman Cannon, Oklahoma City, for Shiprock Corp. and Mid-Continent Cas. Co.

G. T. Blankenship, Atty. Gen., for State Industrial Court.

WILLIAMS, Justice.

This is an original proceeding to review an order of the State Industrial Court denying the petitioner, William C. Wolfe, claim-

ant below, compensation benefits under the provisions of the Oklahoma Workmen's Compensation Law. Parties will be referred to as they appeared before the State Industrial Court.

In denying the compensation claim of the claimant, the State Industrial Court held:

"That the claimant, at the time of the injury alleged herein, was an independent contractor and not an employee of the respondent, and claimant's claim should be denied for lack of jurisdiction of this Court.

"IT IS THEREFORE ORDERED that claimant's claim is denied."

The sole contention presented by the claimant on review by this Court is that the order of the State Industrial Court is not sustained by the evidence and is contrary to the evidence.

In Herron Lumber Company v. Horn, Okl., 446 P.2d 53, we held:

"Where the relationship of employer and employee forms a disputed issue on review of a decision made by the State Industrial Court, the Supreme Court will weigh the evidence contained in the record and undertake an independent evaluation of both law and facts to establish the existence or absence of such relation."

The facts are: respondent is engaged in the use and development of various mechanical devices used in the drilling and servicing of oil wells. Claimant on the date of the accident and for about ten years prior thereto had been regularly employed by a named truck line as a mechanic. Claimant maintained at his home a shop where he worked with metals as a "hobby".

Skeen, president of the respondent, and Larry Wilsey, a petroleum engineer employed by the respondent, developed an idea for the manufacture of a "casing shoe" to be bolted to a rubber "omega plug" to be used in connection with the installing of casing in oil wells. It was necessary to mold the "casing shoe" out of aluminum.

Skeen and Wilsey went to claimant's shop to see if he could mold and fabricate the "casing shoe". They brought with them an "omega plug" and a sketch made by Wilsey of the "casing shoe". Claimant advised that he could make the "casing shoe". Claimant and Wilsey discussed what was to be done in carrying out the project. Claimant also agreed to build two small pumps for the respondent. Respondent furnished the "omega plug" and certain steel parts to be used in the work. Claimant furnished the aluminum material and cast and furnished the aluminum parts used in fabricating the "casing shoe" and building the finished product.

Claimant testified that respondent agreed to pay him $5.00 per hour for his work. Claimant submitted a bill for the total amount of $300.00 representing sixty hours work at $5.00 per hour. He testified that the sixty hours amounted to about one-half the time actually spent on work for the respondent. Skeen testified that no hourly wage was agreed upon. He admitted that the charge of $5.00 was reasonable and paid the bill of $300.00. Claimant used his own machinery in doing the work and paid his own utility bills and the work was done in his shop. He was not required to work regular hours and the work was to be done after he had completed his regular day's work for his truck line employer.

Claimant testified that Skeen supervised the work as to size, length, the type of threads and the way the threads should turn, left or right. During the first week the work was in progress Skeen came to the Shop "about every night" and also was there almost all day on Sunday. Skeen wanted the products "made a certain way" and gave instructions as to the form the device should take. After the work was commenced Skeen directed the claimant to change the design of the casing shoe from an open bottom to a closed bottom device.

Skeen testified that he assumed if the claimant failed to accomplish building of the "casing shoe" he could have "told him" that the work was finished but no occasion

arose for such discussion. Skeen admitted being in the shop of the claimant several times while the work was being done and discussing the work with the claimant. He said claimant "was doing a pretty good job on it, so there wasn't any occasion to offer any suggestions to change it." Claimant made improvements in the device and the drawings of it and also devised a different way of fabricating it, resulting in a saving of six hours time in the making of one of the devices.

Skeen testified that if he had recommended some changes he assumed claimant "would have been obligated to follow them." If claimant had failed to follow his suggestions, he "probably would have left it with him and went some place else and had it done."

Skeen testified that claimant was not on the payroll of the respondent and no withholding taxes were deducted from the amount paid him. He (Skeen) considered "it was a contractual deal, * * * just like you would go out there and buy a piece of equipment and pay for it."

■ Although not necessarily decisive in determining the relationship of the parties hereto, the respondent did not deduct withholding and social security taxes from payments made to the claimant. Herron Lumber Company v. Horn, supra; C. & H. Transportation Co. v. McLaughlin, Okl., 434 P.2d 229; Major Leasing Service Co. v. Cross, Okl., 394 P.2d 487. Nor did the fact that respondent did not include the claimant as an employee on its payroll necessarily make the claimant an independent contractor. C. & H. Transportation Company v. McLaughlin, supra; Campbell v. Elledge 184 Okl. 147, 85 P.2d 412. Nor was the fact that the work was done in the claimant's own shop by using his own tools, machinery and equipment necessarily "the determining factor" to be considered in determining the parties' relationship. Herron Lumber Company v. Horn, supra; C. & H. Transportation Company v. McLaughlin, supra; Woods County v. Tucker,

Okl., 312 P.2d 452; Campbell v. Elledge, supra.

Apparently, claimant had good ideas and did his work well. Mr. Skeen stated that the fact claimant had gone to the State Industrial Court seeking relief made no difference to him and both parties stated that at the time of the hearing claimant was still doing work for the respondent (which seemingly he had been engaged to do before Mr. Skeen learned of the filing of the claim). Mr. Skeen said that claimant's continued working for him was still "on the same general basis" as before.

■ Here it is conceded by both parties that the respondent could have terminated the services of the claimant at any time. Under other circumstances, this might tend to show that the relationship was that of employer and employee and not that of independent contractor, but we do not believe it to be determinative in this case. C. & H. Transportation Company v. McLaughlin, supra; Brewer v. Bama Pie, Inc., Okl., 390 P.2d 500; State Highway Commission v. Gaston, 185 Okl. 540, 94 P.2d 915.

We have noted that claimant was paid for his work on the basis of $5.00 per hour for the sixty hours time he claimed to have worked, but that he stated that the time so claimed represented only about half the time he actually devoted to the project. He said that the $5.00 per hour rate was agreed to by the parties in advance. Mr. Skeen testified of effect that casing shoe devices made by claimant were used in cementing the tubing inside the casing at the bottom of each of two shallow New Mexico oil wells and further that, "There was never anything mentioned about pay, until, oh, after it was already completed and ran, and we already had them in the hole. I told him that if he would present me with a bill, I would pay him. And there was still no discussion as to the amount per hour, or anything else, I didn't know what the bill would be, until he gave me a statement, which is fair enough. So, I paid it."

■ The method of payment is a factor to be considered in determining the re-

lationship of the parties but is not deemed to be the controlling factor here. C. & H. Transportation Co. v. McLaughlin, supra; Fuller White Chevrolet Co. v. Graham, Okl., 355 P.2d 557; State Highway Commission v. Brewer, 196 Okl. 437, 165 P.2d 612.

In an apparent effort to demonstrate applicability of the provisions of the Workmen's Compensation Law to his situation, claimant testified of effect that Mr. Skeen "was interested in—beyond the [end] result, because he was the fellow that was trying to get something that he could sell and market. It was his product;" that Mr. Skeen "supervised as to size, length, * * * type of threads, and which way they should turn, left or right. * * * He'd tell you what he wanted done. * * * On the pumps that he had made, he supervised them, that they had to be made of a certain size, and his way * * * His way, because he wanted one inch and one-eighth inch balls on the bottom, and a one and one-eighth inch ball on the top of the one inch working barrel—pump * * * It had to be a certain size."

Mr. Skeen's testimony on the matter of supervision was of effect that he assumed claimant would have been obligated to and would have followed his (Skeen's) recommendations as to changes if he had made any; that he assumed claimant would have done something differently if Skeen had told him he thought it needed to be; that if claimant thought an idea suggested by Skeen was a good one he probably would incorporate it, and if he did not, Skeen "probably would have left it with him and went someplace else and had it done" as "it was a contractual deal" but that this (disagreement over changes) "just never did happen"; that Skeen did not feel he had any right to tell claimant which tools to use and such, "that was left up to him entirely;" that as far as Skeen was "concerned, it was a contractual deal. He presented me a bill, and I paid him whenever he finished the work. There was no withholding taxes, or anything, considered as far as I am concerned, because it was just like you would go out there and buy a piece of equipment and pay for it."

In the case of Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okl. 77, 19 P.2d 149, this Court held:

"An independent contractor is one who exercising an independent employment contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result to be accomplished."

"The existence or non-existence of such right may be established by contract or by conduct of the parties." Mills v. R. T. "Bob" Nelson's Painting Ser., Okl., 421 P.2d 849.

In Taylor v. Langley, 188 Okl. 646, 112 P.2d 411, we said:

"Where the contract of the parties creates the relationship of principal and independent contractor, that status must be recognized by this court as a bar, created by the parties themselves, to any recovery under the Workmen's Compensation Law." See also Oklahoma Pub. Co. v. Greenlee, 150 Okl. 69, 300 P. 684 and W. H. Butcher Packing Co. v. Hixon, 189 Okl. 700, 119 P.2d 1019.

In Herron Lumber Company v. Horn, Okl., 446 P.2d 53, we held:

"The decisive test in determining whether one is an employee or an independent contractor is the right to control the physical details of the work, and such right may be established either by a formal contract or by conduct of the parties thereunder."

In Wods County v. Tucker, Okl., 312 P.2d 452, we said:

" * * * The chief element to be considered is the right to direct and control the employee."

At the inception of the project Skeen, president of the respondent, and respondent's engineer visited claimant's shop. They worked out in detail the type of product they wanted made. Skeen visited the shop periodically during the progress of the

work. He offered some suggestions as to changes to be made in the article being fabricated. However, to our minds he did not direct the methods to be employed. In our view, he did not supervise the work.

We have examined and weighed the evidence presented at the trial of the present case. The agreement made by the parties as shown in the testimony of the witnesses clearly establishes that at the time he was injured, claimant was working as an independent contractor and not as an employee of the respondent. He is not entitled to Workmen's Compensation benefits.

Accordingly, the order of the State Industrial Court denying claimant compensation benefits is sustained.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD and JACKSON, JJ., concur.