The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: (1) Are self-employed real estate sales licensees functioning as independent contractors for licensed real estate brokers subject to the provisions of the Oklahoma Workers Compensation Act, 85 O.S. 1 [85-1] (1978), et seq., particularly in light of House Concurrent Resolution 1031, First Session, Thirty-seventh Legislature, filed with the Secretary of State May 28, 1979 ? (2) May a licensed real estate broker compel a licensed real estate sales licensee to furnish a workers compensation insurance policy? With respect to your first question, we note that the Legislature, in H.C.R. No. 31, expressed its intent that "self-employed real estate licensee and who function as an independent contractor" not be subject to the Workers Compensation Act, (hereafter "the Act"). Such an intent is consistent with established precedence by the Oklahoma Supreme Court before the extensive revision of the Act in 1978. It has consistently been held by the Court that persons who are independent contractors are not subject to coverage of the Act. See CH Transportation Co. v. Laughlin, (Okl. 1967) 434 P.2d 229; Page v. Hardy (Okl. 1959) 334 P.2d 782. The 1978 revision remains essentially unchanged with an employer being obligated to pay compensation only to injured "employees." Section 11 The problem, of course, is whether a specific licensee sales associate is an "employee" or an "independent contractor" at the time of injury. Such a determination is a question of fact for the Workers Compensation Court to decide upon the evidence. See Att'y. Gen. Op. No. 79-237 (July 18, 1979) and cases cited therein. Whether a real estate broker should undertake to secure the payment of compensation as provided for in 61 of the Act is, of course, a judgment the broker must make depending upon the actual relationship existing between the broker and the sales staff. If, in fact, an employer-employee relationship exists, and the broker fails to secure the payment of compensation, the broker is subject to certain penalties. 12, 61, 63. It is clear, however, that a broker may not cause an employee to pay or contribute to the premiums for compensation insurance. 46. It is equally clear that a broker who fails to require an independent contractor to secure payment of compensation for the direct employees of the independent contractor is secondarily liable for the payment. 11; Herron Lumber Co. v. Horn (Okl. 1968) 446 P.2d 53. There is no obligation for a broker to provide compensation for his independent contractor. If a broker, however, for reasons other than a requirement of law, voluntarily secures a workers compensation insurance policy for the benefit of and covering his sales staff, including those who are believed to be independent contractors, the broker will be estopped from later asserting upon a claim made by the independent contractor that the injured salesperson was not an employee. 65.2, 65.3. It is, therefore, the opinion of the Attorney General, that (1) a licensed real estate broker is not required to secure the payment of workers compensation insurance for sales personnel who are, in fact, self-employed independent contractors to the broker, the obligation under the Workers Compensation Act applying only to those persons who are employees of the broker; (2) an employer may not cause an employee to pay or contribute to the payment of insurance premiums on a policy securing the payment of an employer's obligation for compensation benefits; (3) where a broker schedules his sales staff as being covered under an insurance policy providing coverage for workers compensation benefits, the broker will be estopped from later asserting that such scheduled employee was an independent contractor; (4) whether a specific sales licensee is an "employee" or "independent contractor" for workers compensation purposes is a question of fact to be determined by a court of competent jurisdiction. (MANVILLE T. BUFORD) (ksg)