**RALPH C. RIDER LUMBER COMPANY**
(No Insurance), Petitioner,

v.

**Hubert Ervin MINYEN and State Industrial**
**Commission of Oklahoma,**
Respondents.

No. 37667.

Supreme Court of Oklahoma.

July 9, 1957.

Rehearing Denied Oct. 15, 1957.

Application for Leave to File Second Petition for Rehearing Denied Nov. 19, 1957.

Hardin Ballard, Purcell, for petitioner.

Ben Hatcher, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 10th day of June, 1956, Hubert Ervin Minyen, respondent herein, filed his claim for compensation against Ralph C. Rider Lumber Company in which he states that on May 3, 1956 (evidence shows April 3) while in the employ of Ralph C. Rider Lumber Company he sustained an accidental injury consisting of a broken left wrist and arm. The injury occurred when he fell from a ladder; that as a result of said injury he sustained a permanent partial loss of the use of his left arm.

Petitioner defended on the theory that he had less than two employees on the date respondent sustained his injury, and the State Industrial Commission was therefore without jurisdiction to enter an award in the case.

The trial commissioner found that respondent on the 3rd day of April, 1956, while in the employ of petitioner sustained an accidental injury consisting of an injury to his left hand; that as a result of such injury he was temporarily totally disabled from April 5, 1956 to May 20, 1956, at which time temporary total disability ended; that respondent is entitled to temporary total compensation for six weeks and three days at $28 per week or the total sum of $182.10. The commissioner further found that as a result of said injury respondent sustained a 20 percent perma-

nent partial diability to his left hand, for which he is entitled to compensation for 40 weeks at $28 per week or the total sum of $1,120, and upon such findings entered an award in favor of respondent accordingly which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this award and contends that the award is not supported by the evidence and is contrary to law.

Respondent testified that on April 3, 1956, while in the employ of petitioner he sustained an accidental injury as stated in his complaint. Petitioner was engaged in operating a lumber yard at Purcell, Oklahoma. Ralph C. Rider was at that time in charge of the yard. He had worked for Mr. Rider at intervals during the last 13 or 14 years. On the morning of the day on which he sustained his injury, he was walking down the street and met a man by the name of Daniel who he testified was an employee of petitioner and the manager of the lumber yard. Mr. Daniel called him and asked him if he was working that day. Respondent replied that he was not. Mr. Daniel then asked him if he wanted to work for him, and respondent said he did. He then went with Mr. Daniel to the home of Mrs. Hinds for the purpose of installing window screens. Mr. Rider told him to go with Mr. Daniel and assist him in hanging the screens; they went to Mrs. Hinds' place in Rider's pickup truck. When they arrived, they started hanging the screens; they had hung about five screens; they used a ladder in hanging the screens, a six foot ladder; as he started to come down the ladder his foot slipped and he fell to the floor and broke his left wrist and arm. Mr. Daniel then took him to a hospital where his arm was set and placed in a cast. Mr. Rider thereafter came to the hospital where his injury was discussed. Mr. Rider told him he did not carry compensation insurance but would take care of him.

Mr. Daniel, in substance, testified: he is a carpenter by trade. He is self-employed.

He was not an employee of petitioner Rider on the day respondent sustained his injury and has never been employed by him. He, however, worked around the lumber yard. The nature of his work was as follows: when different jobs came into the lumber yard such as cabinet making and other things, he did the work in constructing them. The work was contracted for as follows: when some person wanted work done on his house such as building a door, screens or cabinets the person would contact Mr. Rider relative to furnishing material and doing the work, and at the request of Mr. Rider he would go out and check the house to see what there was to be done. He would then ascertain how much material it would take to do the job, and he would then contract with the customer as to what he would charge for the labor, and Mr. Rider would contract with him for the material; when the work was completed, Mr. Rider would bill the customer for the material and labor and the customer would pay Mr. Rider, and Mr. Rider would pay him for the work the amount he charged to do the work.

This procedure was followed in the present case. Mrs. Hinds placed an order with petitioner for a certain number of window screens. Mr. Daniel, at the request of Mr. Rider, then went to her home, measured the windows in order to determine the size of the screens needed and the material necessary to build them. He then contracted with Mrs. Hinds to install the screens for the sum of $10. She contracted with Mr. Rider for the materials. Mr. Daniels thereafter built the screens at the workshop at petitioner's lumber yard, and he used petitioner's tools in building them. Mr. Rider then billed Mrs. Hinds for the material used in constructing the screens, as well as for the labor in constructing them. Mrs. Hinds then paid petitioner the entire bill, and petitioner paid Mr. Daniel. In doing this, Mr. Daniel testified he was not under the control or supervision of Mr. Rider as to the manner in which the carpenter work should be done. He did the work as he

saw fit. He was not under the control of Mr. Rider as to the time he should report to work or the hours he should work. He, however, usually came down to the lumber yard every morning, and if Mr. Rider had a job for him to do, he would do it. Mr. Rider did not deduct anything from his pay check for social security, nor did he deduct anything therefrom for income taxes. He carried his own social security, and in filing his income tax report he designated himself as self-employed.

Mr. Rider testified, in substance as follows: He is the owner of and operates the business known as Ralph C. Rider Lumber Company. He carries no compensation insurance for the reason that he has no employees. He further testified:

"Q. Now, what kind of arrangement is it? Just tell the Court the situation.

"A. I receive all the money that is charged to the job. It comes up to the office and I do the collecting. He keeps a slip on the wall on a hook, as to how much time he has spent on a certain job. I write the name of the job, how much labor he does on it. I take the labor cost and add the cost of using the machinery, most generally runs to $10.00 to $15.00, according to what he does. If he uses the big saw back there in the shop it cost so much to run it. It costs about $2.00 an hour to use the big saw. We would most generally charge 10% to 20% according to what the labor bill was, and let it go at that.

"Q. Just tell the Court if I had some screens. If a man comes down and says, 'Mr. Rider, I want some screens.' What would you do about it?

"A. I would get in touch with Mr. Daniel that they wanted some screens made, and he would go out and make arrangements out where they are. Most generally go out and come back in and make the screens and hang them."

He further testified that he exercised no control or supervision whatever over Daniel as to the manner in which the work should be performed. He received no part of the money charged by Daniel for his labor. Mr. Daniel charges his customer for the labor, and he charged the customer for the materials furnished. Mr. Rider further testified:

"Q. Do you have any control over the way Mr. Daniel, as to coming down to the yard when there is anything to be done?

"A. No, I don't. So long as he don't run off if there is any job, that is back there I want to get done."

This, in substance, constitutes the evidence in the case. Petitioner Rider contends that it is wholly insufficient to establish that Daniel was in his employ at the time respondent sustained his injury, but on the contrary that Daniel was an independent contractor, that respondent was the only employee he had at that time, and the State Industrial Commission was therefore without jurisdiction to award compensation to respondent. Citing 85 O.S.1951 § 11. We do not agree.

The undisputed evidence shows that Mrs. Hinds concluded to have some screens installed in her home; that she contacted Mr. Rider relative to the purchase of material and the cost thereof, together with the cost of installing the same. Mr. Rider then directed Mr. Daniel to go to her home for the purpose of taking measurements to ascertain the size of the screens needed and the material necessary to construct them. Mr. Daniel then entered into a contract with Mrs. Hinds to perform the work in building and installing the screens for the sum above mentioned, and she thereafter contracted with Mr. Rider for the cost of the material. Mr. Daniel used Mr. Rider's tools in building the screens and used his truck in conveying the screens to the home of Mrs. Hinds. Mr. Rider was notified by Mr. Daniel that he needed an extra man to help install the screens, and Mr. Rider employed respondent to

assist him in hanging the screens and paid him in advance $2 for his services. The evidence shows that Mr. Daniel did only such work in the shop at the lumber yard as he was requested and directed to do by Mr. Rider. Mr. Daniel does not collect from his customer for either the material furnished or the labor performed. Mr. Rider always billed the customer for the material and labor, and the customer paid the bill to him, and he then paid Mr. Daniel. Mr. Rider settled with him and paid him every month.

Respondent testified that Mr. Daniel was an employee of Mr. Rider in that he was the manager of the lumber yard.

· The Commission made no specific finding on the issue involved as to whether Daniel was an employee of Rider at the time respondent sustained his injury or whether he was an independent contractor.

We have heretofore held that such question is a jurisdictional question, and that in determining such question this Court in reviewing an award of the State Industrial Commission will consider and weigh the evidence and make its own independent findings of fact relative to such issue. Williams v. Branum, 192 Okl. 129, 134 P.2d 352; Burrows v. State Industrial Commission, 188 Okl. 523, 111 P.2d 175.

Following this rule we have carefully considered and weighed the evidence and find and conclude that it establishes that Daniel was an employee of petitioner Rider at the time respondent sustained his injury, rather than an independent contractor. Since we so hold and it conceded that respondent was an employee of Rider at the time he sustained his injury, it follows that petitioner had two employees at the time respondent sustained his injury, and his injury is therefore covered by the Workmen's Compensation Law, and the Commission had jurisdiction to enter the award.

The evidence clearly establishes that the respondent sustained an accidental injury as stated in his claim, and the medical evidence sustains the finding of the Commission as to the disability sustained by re-

spondent as the result of that injury. Petitioner does not otherwise contend.

Award sustained.

CORN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.

WELCH, C. J., and JACKSON, J., dissent.