**STANDARD MAGNESIUM COMPANY and The Western Casualty & Surety Company, Petitioners,**

v.

**Fred L. COTNER and the State Industrial Commission, Respondents.**

No. 38200.

Supreme Court of Oklahoma.

Nov. 12, 1958.

Rhodes, Crowe, Hieronymus & Holloway, Tulsa, for petitioners.

Robert W. Booth, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On the 17th day of December, 1956, Fred L. Cotner, claimant herein, filed a claim for compensation against his employer, Standard Magnesium Company, and its insurance carrier, Western Casualty and Surety Company, referred to herein as petitioners, stating that on October 14, 1956, while in the employ of petitioner Standard Magnesium Company, and engaged in the course of his employment, he sustained an accidental injury consisting of an injury to his upper and lower back resulting in some permanent disability to his person. The injury occurred while he was engaged in lifting bags of magnesium, each weighing about 64 pounds.

Petitioners defended on the theory that claimant was not an employee of Standard Magnesium Company at the time he sustained his injury but was employed as an independent contractor.

The trial court at the close of the evidence in substance found: On October 14, 1956, claimant, while in the employ of petitioner Standard Magnesium Company, and engaged in a hazardous employment, sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his back; that as a result of said injury he is temporarily totally disabled and is entitled to temporary total disability compensation from the date he presents himself for examination at the rate of $28 per week and is entitled to continuing temporary total disability compensation payments during his period of total temporary disability, not to exceed 300 weeks, or until further order of the Commission; and further found that claimant is entitled to further medical treatment and upon such findings entered an award in favor of claimant for temporary total disability compensation accordingly and held in abeyance the question of extent of disability for future hearing, which award was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award and rely for its vacation on the sole ground that the Commission was without jurisdiction to enter the award because the evidence shows that claimant was not an employee of Standard Magnesium Company, but rather working as an independent contractor and therefore was not covered by the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq.

The evidence offered on behalf of claimant established that he sustained an accidental injury at the time and in the manner stated in his claim; that he was the owner of a truck and trailer and entered into a contract with petitioner Standard Magnesium Company to lease and drive the truck for a period of 12 months on a mileage basis. He was to receive 28 cents per mile for the lease and use of the truck and his driving. He received two checks in payment thereof, one at the rate of 23 cents per mile for the use of the truck, and one for 5 cents per mile for his services in driving it. Claimant was permitted under the contract to hire another person to drive the truck but in that event the driver was to receive 5 cents a mile for his services and claimant was to receive 23 cents per mile for the lease and use of the truck.

Claimant under the contract was required to pay all of the costs, traveling expenses and upkeep of the truck. These facts are undisputed.

Claimant, in addition to the above state of facts, testified that on the date he sustained his injury he moved his truck to the loading dock at the request of petitioner, Standard Magnesium Company. The truck was to be loaded with magnesium anodes for the purpose of transporting them from said petitioner's place of business in Tulsa, Oklahoma, to Chicago, Illinois. The anodes consisted of an anti-rust material and are used to keep rust out of pipeline electrical equipment. The anodes were packaged in paper bags, two to a unit. The packages weighed about 64 pounds. While engaged in lifting these packages he injured his back and was unable thereafter to assist in loading the truck. He, however, made the trip to Chicago and returned but on the way he stopped several times at different clinics for treatments to his back. He was given pills to ease the pain. Upon his return he went to a doctor for treatment and is still under the doctor's care and is now unable to do any work.

Claimant further testified that he was required by petitioner, Standard Magnesium Company, to assist in loading the anodes on the truck; that he was required to appear at his employer's loading dock at its discretion at a certain time of day on a date designated by said employer. Standard Magnesium Company directed the place at which he was to stop to unload portions of the packages from the truck. After making final delivery and arriving at his destination he was required to call Standard Magnesium Company over telephone at Tulsa for the purpose of receiving instructions as to whether he was to pick up a load of material for return to Standard Magnesium Company at Tulsa, Oklahoma.

Petitioners offered the evidence of other employees of Standard Magnesium Company who were engaged in loading the truck on the day claimant sustained his injury. They testified that claimant did not assist in loading the truck that day or on any other day; nor did the drivers of any other truck ever assist in loading the trucks.

Wendel Smith, plant superintendent for petitioner Standard Magnesium Company, testified that claimant was not required by said company to assist in loading the truck. His duties consisted of driving the truck and supervising the loading and unloading thereof.

William Owens in rebuttal testified on behalf of claimant as follows: He was in the employ of Standard Magnesium Company as a truck driver prior to and on October 14, 1956. He was employed to drive a truck, supervising the loading thereof and helping with the loading of the truck. He was present at the loading dock assisting in loading his truck on the day claimant sustained his injury. He saw claimant helping load the truck and also saw him help load the truck on different occasions. He saw claimant while he was lifting packages of anodes and as he did so he suddenly dropped a package, placed his hands to his back and walked away from the truck in a stooped position. He thereafter saw and talked with claimant and claimant told him he injured his back while engaged in lifting a package of anodes.

There is medical evidence to the effect that claimant as a result of his injury sustained on October 14, 1956, is temporarily totally disabled and in need of further medical treatment.

This, in substance, constitutes the evidence in the case. We think it sufficient to sustain the finding of the Commission. While the evidence on the question at issue is in conflict we think the evidence offered by claimant shows such control by Standard Magnesium Company over him as to the manner and time and place in which the work was to be performed as to justify the Commission in finding that claimant was an employee of said peti-

tioner and that the relationship between said petitioner and claimant was that of employer and employee rather than that of principal and independent contractor.

The evidence also shows that he was scheduled by Standard Magnesium Company as an employee and that his wages were considered in determining the premium to be paid on the policy secured by said company for its employees. Also that petitioner deducted F.I.C.A. tax from claimant's wages and issued claimant a withholding slip.

■ We think the evidence in this case brings it within the rule announced in State Highway Commission v. Brewer, 196 Okl. 437, 165 P.2d 612, and State Highway Commission v. Gaston, 185 Okl. 540, 94 P.2d 915. In these cases we held where compensation is paid on a per yard, per mile basis and superior control and direction of the manner, method and time of performance of the work is retained by the parties paying such compensation, the relation created is that of master and servant and not that of principal and independent contractor. See, also, Ralph C. Rider Lumber Co. v. Minyen, Okl., 317 P.2d 719, and Butler (d.b.a. Butler Trucking Co.) v. Wallace, Okl., 318 P.2d 440.

■■ We have heretofore held that the question here involved is a jurisdictional question and that in determining such question this court in reviewing the award of the State Industrial Commission will consider and weigh the evidence and make its own independent findings of fact relative to such issue. Williams v. Branum, 192 Okl. 129, 134 P.2d 352, and other cases. Following this rule we have carefully considered and weighed the evidence and conclude it is sufficient to establish that claimant was an employee of Standard Magnesium Company at the time he sustained his injury rather than an independent contractor and the Commission ruled correctly in so finding and holding.

Award sustained.