**C. M. DODD, Petitioner,**

v.

**Vester RUSH and State Industrial Court, Respondents.**

**No. 41311.**

Supreme Court of Oklahoma.

Sept. 21, 1965.

Schwoerke & Schwoerke, Oklahoma City, for petitioner.

Coy H. McKenzie, Norman, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

BLACKBIRD, Justice.

This is an original proceeding brought by the petitioner, C. M. Dodd, to vacate an award of the State Industrial Court to Vester Rush, claimant, and the sole issue presented for review is whether the claimant was an employee or an independent contractor at the time of his injury.

The record discloses that on July 20, 1964, claimant was driving a truck owned by petitioner and was hauling "rip-rap" from Konawa to a dam project east of Norman when a rather large boulder started to fall from the truck. Claimant attempted to lift it back on the truck when another boulder fell on his right hand, injuring it.

Claimant testified he had been working for petitioner about a week when the accident occurred; that petitioner hired him to drive the truck; that claimant's pay was twenty per cent of what the truck earned; that he received his pay every Saturday

night and that petitioner paid him by check; that petitioner told claimant to haul three loads each day and to accomplish this, claimant went to work each day at 7:00 o'clock A.M., and worked until 4:00 o'clock P.M., when he returned the truck to petitioner; that he didn't know how petitioner was paid nor how much each truck made; that petitioner paid for all the gas, oil and upkeep of the truck and told him when to go to work and when to quit and what route to take in hauling the rip-rap.

Petitioner testified he had a contract with a third party to haul rip-rap to the above project; that he owned two trucks which he had on this project and that he hired claimant to drive one of them; that he received so much a ton mile for the use of his truck and that he paid claimant twenty-five per cent of what the truck grossed for his services; that he decided when the truck was to be greased and the oil changed and that he paid for all of the upkeep on the truck; that he didn't tell claimant when he had to report to work and that claimant could take off for lunch whenever and wherever he wanted to but that he could fire claimant at any time if he did not do the job to suit him; that claimant could haul as many loads a day as he wished and while he did not tell claimant which route to use in making the hauls, claimant did not have the right to pick the route because the contractor who paid petitioner was the one who actually fixed the route because of the payment on per ton-mileage.

■ Where the relationship of employer and employee forms a disputed issue on review of a decision made by the State Industrial Court, the reviewing tribunal will weigh the evidence adduced below and undertake an independent evaluation of both law and facts to establish the presence or absence of such relation. Brewer v. Bama Pie, Inc., Okl., 390 P.2d 500; Standard Magnesium Co. v. Cotner, Okl., 332 P.2d 1; Williams v. Branum, 192 Okl. 129, 134 P.2d 352.

While a part of the testimony is in conflict, it is not disputed that the truck was owned by petitioner, that petitioner hired claimant to drive it, that petitioner paid claimant for his services, that it was necessary for claimant to get the truck from petitioner's place each morning and return it each night, that petitioner paid for all of the maintenance on the truck and determined when it was to be greased and the oil changed, that petitioner had the right to tell claimant where to buy gasoline, and that petitioner could fire claimant at any time, even "in the middle of a haul" if he wanted to.

■ The question of whether one is an independent contractor or employee must be determined by the facts peculiar to each case. Fuller White Chevrolet Co. v. Graham, Okl., 355 P.2d 557; Cities Service Oil Co. v. Powers, 189 Okl. 600, 119 P.2d 81; Barnsdall Refining Co. v. State Industrial Commission, 163 Okl. 154, 21 P.2d 749.

■■ The decisive test in determining whether one is an employee or an independent contractor is the right to control the physical details of the work. A strong evidentiary element of such control is the power to discharge at will. We think this, with the other evidence offered by both claimant and petitioner, shows such control by petitioner over claimant as to justify the lower court in finding that claimant was an employee of petitioner.

Petitioner cites the cases of Williams v. Branum, supra; Porter Const. Co. v. Burton, 156 Okl. 72, 8 P.2d 64; Wagoner v. A. A. Davis Const. Co., 112 Okl. 231, 240 P. 618; Miller v. Steelman Const. Co., Okl., 282 P.2d 740; and Johnson v. Haskell Lemon Const. Co., Okl., 262 P.2d 142, as being in point with the instant case and therefore controlling.

However, we do not agree that the cited cases are analogous. There is one distinct difference of fact in those cases and the one at bar. A careful perusal of petitioner's cited authorities reveals that in each case the claimant owned his own truck and had complete control over it and its operation.

Therefore, following the rule in Brewer v. Bama Pie, Inc., Standard Magnesium Co. v. Cotner and Williams v. Branum, supra, we have carefully considered and weighed the evidence and conclude it is sufficient to establish that claimant was an employee of petitioner at the time he sustained his injury rather than an independent contractor and that the Industrial Court ruled correctly in so finding and holding.

The order awarding compensation to claimant is sustained.