In the Matter of the DEATH OF Kenneth Ray WORCESTER.

Albina WORCESTER and the State Industrial Court of the State of Oklahoma, Respondents,

v.

Kenneth COLE, d/b/a Cole Trucking Company, Petitioner.

No. 50655.

Supreme Court of Oklahoma.

March 28, 1978.

John S. Oldfield, Jr., Dyke Hoppe, Legal Intern, Oklahoma City, Tom Shaw, Tishomingo, for petitioner.

J. Clark Russell, Russell, Payne & Farber, Oklahoma City, for respondent.

LAVENDER, Vice Chief Justice:

Albina Worcester filed claim as dependent mother, who suffered pecuniary loss from death of Kenneth Ray Worcester, killed June 29, 1975, while operating a truck owned by Kenneth Cole, d/b/a Cole Trucking Company.

Petitioner, hereafter respondent, defended this claim on grounds: (1) Deceased was an independent contractor; claimant was not a dependent; (2) respondents had no employees other than claimant's decedent so that the Workmen's Compensation Act did not apply.

A trial judge found deceased was an employee and not an independent contractor and awarded ($14,000.00) death benefits. This award was affirmed by State Industrial Court en banc. Respondent has brought review proceedings, seeking vacation of the award upon two grounds, viz., (1) insufficiency of evidence to show relationship between deceased and respondent was that of employer-employee and not independent contractor; (2) lack of finding, or competent evidence to support finding, respondent met jurisdictional requirement for employer to have at least two employees, 85 O.S.1971, § 11.

Settled law declares when existence of employer-employee is an issue before State Industrial Court a jurisdictional question is presented and Supreme Court on review will not accept findings of that court as conclusive, but will determine as a matter of law whether facts are sufficient to establish existence of the relationship. *Parten v. State Industrial Court*, Okl., 496 P.2d 114 (1972); *Herron Lumber Company v. Horn*, Okl., 446 P.2d 53 (1968). Within this context, this court also may weigh evidence and pass upon credibility of witnesses, draw reasonable inferences from facts and circumstances adduced, refuse credence to evi-

dence deemed unworthy of belief, and consider the record in its entirety. *Hackley v. Dalles Nursing Home,* Okl., 372 P.2d 586 (1962).

Evidence relevant to the issues is not seriously conflicting. Rather, apparent conflict concerning sufficiency of evidence respecting the employment relationship results from interpretation placed thereon by the parties. There is no dispute as to the preliminary setting which provoked this proceeding.

Deceased, 22 years of age and unmarried, resided with his mother in Bromide, Oklahoma, except when working elsewhere on occasions. He had worked as a truck driver hauling cattle for respondent during prior year, quit a few months earlier to work for another company, and returned to work for respondent in April, 1975. About midnight prior to the accident, respondent's son telephoned claimant's home from Sulphur Springs, Texas, and inquired whether deceased was available to haul a load of cattle to Amarillo, Texas. Deceased assented, telephoned respondent in Connersville, Oklahoma, to arrange for expense money, then drove his own car to respondent's place, secured one of respondent's trucks, and began the trip. Deceased died from burns received when the truck crashed and burned in the early morning (3:30 A.M.) of June 29, 1975, just north of Durant, Oklahoma.

The evidence showed respondent operated as sole proprietor of three business endeavors, allegedly separate entities. The first was a ranch devoted to cattle raising, which had one regular employee, management resting in respondent, his wife, or son Ronald. The second was the trucking company, which had operated from respondent's Connersville residence approximately 22 years, and had four or five trucks which hauled cattle, but operated only under (Oklahoma Corporation Commission) O.C.C. permit. Respondent denied the trucking company had any employees, asserting all labor expenses incurred for truck drivers was contract labor. The Farm and Ranch Center in Tishomingo sold feed and seed. The business was operated by a single employee (Sharp), although respondent's daughter served as secretary and bookkeeper. Other evidence showed respondent's telephone in Connersville was arranged so that if respondent, his wife, or son were unavailable, telephone in respondent's parents' home rang, and they took orders or gave directions. Employee Sharp considered everyone in the family part of the operation and authorized to give orders.

Respondent's son Ronald conducted a kindred operation hauling bulk feed to dairies, in a truck purchased the prior December and driven by a son-in-law (Coleman), married to the daughter-bookkeeper. This business maintained a separate bank account which would honor checks drawn by respondent until that business opened an account in another bank, although Ronald intended to have respondent's name placed on the new account. Money due for feed sales was collected by respondent through the Farm and Ranch Center, and respondent paid Ronald a rate per ton for hauling. Ronald paid the driver (brother-in-law) 20% of this payment, and defrayed all expenses of operation. This business had been carried on earlier by a truck owned and operated by the Farm store.

Evidence relative to financial affairs of the sole proprietorship was contradictory. In one instance testimony showed a personal checking account in name of respondent and wife included proceeds from three operations. Respondent gave other testimony only monies received from ranch and the trucking operations went into the account. Tax returns showed the ranch and trucking business were treated as separate entities apart from the Farm store, for income tax purposes. These tax returns reflect all money paid for services to the various enterprises was scheduled as paid for contract labor, and no deductions for withholding or social security taxes were made.

Respondent testified his son (Ronald) owned a working interest in the business and had co-equal authority in decision making when respondent was not available. Although the son did not live at home,

respondent did not pay him anything, but allowed son to draw checks against accounts of the Farm store or trucking company for all his needs.

Respondent's evidence concerning the son's ownership of a working interest, and participation in all business affairs as co-manager, assertedly showed respondent and his son were employers and could not be counted as employees. Inferentially, this was an effort to show elements of a partnership operation, which would preclude the son from being counted as an employee. 85 O.S.1971, § 11.

A similar operation was the subject of consideration in *Smittle v. Rutherford*, 188 Okl. 555, 111 P.2d 480 (1941). In that decision similar evidence was held not to support claim of partnership under the statute, *supra*, and did not preclude the son being counted as an employer.

The evidence showed five other truck drivers had served respondent under this alleged contract for labor, which always was established by verbal contract. The financial arrangement provided the truck driver received 20% of the gross charges for hauling. Respondent bore all maintenance and operating expenses on the trucks, including insurance. There was evidence that the deceased was operating under such contract at time of the fatal accident.

Our decisions often have announced the elements, or factors, considered prerequisite to determination whether a questioned relationship is that of independent contractor or an employer-employee relationship. *Fuller White Chevrolet Co.*, Okl., 355 P.2d 557 (1960); *Page v. Hardy*, Okl., 334 P.2d 782 (1958); *Mistletoe Express Service v. Culp*, Okl., 353 P.2d 9 (1959); *Mistletoe Express Service v. Britt*, Okl., 405 P.2d 4 (1965); *C & H Transportation Company v. McLaughlin*, Okl., 434 P.2d 229 (1967). It is unnecessary to restate these factors, or elaborate discussion by measuring evidentiary facts against particular elements. No particular purpose would be served by extensive discussion of fact situations in numerous decisions which adopted varying conclusions.

Decisions involving the issue, as to existence of the questioned relationship, generally involved instances in which the claimant owned his own truck. *Williams v. Branum*, 192 Okl. 129, 134 P.2d 352 (1943); *Johnson v. Haskell Lemon Const. Co.*, Okl., 262 P.2d 142 (1953); *C & H Transportation Company, supra*. In the latter case, deceased's ownership of his truck was not considered a determinative fact in considering the relationship. Respondent expands this statement, however, by asserting the fact respondent owned the truck is of little consequence in considering this issue. We believe evidence concerning respondent's ownership of the truck is of much greater weight than respondent chooses to recognize.

In Larson's Workmen's Compensation Law, V. 1A, § 44.34, this text statement appears:

"When the employer furnishes valuable equipment, the relationship is almost invariably that of employment. When the employee furnishes such equipment, this circumstance may, if coupled with other factors, indicate independent contractorship, but in itself it is not necessarily fatal to a showing of employment based on other grounds.

"In applying the test of who furnishes equipment, it is essential to bear in mind the rationale underlying the test. When it is the employer who furnishes the equipment, the inference of right of control is a matter of common sense and business. The owner of a $10,000 truck who entrusts it to a driver is naturally going to dictate details such as speed, maintenance, and the like, in order to protect his investment. Moreover, since he has capital tied up in this piece of equipment, he will also want to ensure that it is kept as productive and busy as possible. For these reasons, it is not surprising that there seems to be no case on record in which the employer owned the truck but the driver was held to be an independent contractor."

Although not cited in the decision, this court recognized and applied the text rule

in *Dodd v. Rush*, Okl., 406 P.2d 261 (1965). The facts are strikingly similar to the present case, except that in *Dodd*, the employer admittedly could terminate employment. And, in *Dodd*, this court distinguished earlier decisions recognizing in cited cases the claimant owned his own truck. The decisive test was said to be a right to control physical details. See *Howard v. Winebrenner*, Mo., 499 S.W.2d 389 (1973).

This rule is recognized and applied by other jurisdictions. *Knoble v. National Carriers, Inc.*, 212 Kan. 331, 510 P.2d 1274 (1973); *Giltner v. Commodore Contract Carriers*, 14 Or.App. 340, 513 P.2d 541 (1973). In *Knoble, supra*, a written contract provided the parties did not intend to create employer-employee relationship. Evidence showing National Carriers had the right to exercise as much control over drivers as desired to provide efficient operation was held sufficient to establish employer-employee relationship. Also see *Chickasha Plumbing Company v. Rogers*, Okl., 366 P.2d 410 (1961), holding a driver of truck, leased to plumbing company by a truck company, was employee of plumbing company.

Other than respondent's denial that he retained any control over deceased, there is a dearth of direct evidence concerning this issue. There are facts reflected from all the evidence from which reasonable inferences are derived which support reasonable conclusions. Deceased operated a truck only under respondent's directions to pick up cargo and deliver to a particular point. Respondent owned the trucks, paid all operating and maintenance expenses, as well as insurance. Transporting livestock was respondent's usual business, and a type of work usually performed by employees. A compelling consideration appears from the fact deceased held no operating permits, but hauled livestock under respondent's permits. Lack of proper permits was a salient consideration in *C & H Transportation Co. v. McLaughlin, supra.* And, although there is no direct testimony, the pattern of intermittent employment indicates the relationship could be terminated by either party at will without liability, and this is admitted by respondent.

We do not consider argument income tax returns show respondent intended this to be an independent contractor relationship. Neither is it necessary to determine whether respondent's business operations evidenced a deliberate attempt to avoid responsibilities which emanate from employer-employee relation. See *State Highway Commission v. Brewer*, 196 Okl. 437, 165 P.2d 612 (1945); *Herrera v. A. D. Fulton Construction Company*, 200 Kan. 468, 436 P.2d 364 (1968); *Nevada Industrial Commission v. Bibb*, 78 Nev. 377, 374 P.2d 531 (1962).

■ From a review of the record we find that the determination by the court that at the time of his death the decedent was an employee of the respondent is not contrary to the weight of evidence. Whether an employment relationship is that of independent contractor or employer-employee must be determined from facts peculiar to each case. *Dodd v. Rush, supra; C & H Transportation Co. v. McLaughlin, supra.*

■ The second contention urges State Industrial Court lacked jurisdiction to award compensation because respondent did not have two employees as required by 85 O.S.1971, § 11. Further, there was neither a finding, nor evidence to support finding, respondent had two employees. Nature of respondent's business enterprises and mode of operation have been mentioned.

The claim is that respondent did not have two employees on date of the accident as required by statute, supra. The argument is advanced that respondent owned the trucking company, together with his son (Ronald) who was co-manager and owned an interest in the company. Therefore, even if deceased was an employee, he was the sole employee on date of fatal injury because respondent and his son were employers and not within the statute, although working in the business.

Respondent admittedly operated separate business endeavors as a sole proprietorship. By ordinary definition "proprietor" is

defined as "one who has the legal right or exclusive title in anything, whether in possession or not; owner;" Webster's New International Dictionary (2nd ed.) p. 1986; *Eldridge v. Finnegar,* 25 Okl. 28, 105 P. 334; 28 L.R.A.,N.S., 227. Also by definition "sole" means the only one, one and no more, the one and only. Ibid, p. 2392. Respondent was the sole owner of Kenneth Cole Trucking Co.

Respondent testified the son had a working interest in the business, although this was not further defined. The son was not paid anything for his services, although evidence did show respondent helped his son, who also had checking privileges on the trucking company account to pay rent, groceries and living expenses. The son drew no regular salary and made no income tax return.

The trucking company was the sole property of respondent. A long standing fact is that an employer-employee relationship may arise by implied contract, such as an employer's knowledge and acquiescence in services performed by an employee. For services rendered to the business with knowledge and acquiescence of respondent, the son received remuneration of all his necessary living expenses. These services were rendered respondent who, as sole proprietor of the enterprise, adopted this method of providing recompense to an employee for such services. Without regard to the name given, or mode of operation adopted, it is clear respondent's son received direct cash remuneration for his services. This is sufficient to establish that the son was an employee and brought the sole proprietorship within application of the Act, 85 O.S. 1971, § 1 et seq.

Inadvertent failure to enter a finding concerning jurisdiction is not fatal to the award reviewed. Whether the trial tribunal had jurisdiction of the claim presents a jurisdictional question which may be raised at any time, and will be determined by Supreme Court on review. *Ralph C. Rider Lumber Company v. Minyen,* Okl., 317 P.2d 719 (1957); *Herron Lbr. Co. v. Horn, supra,* and cases cited. The evidence shows respondent had two employees and was amenable to the Act, *supra.*

Award sustained.

HODGES, C. J., and WILLIAMS, BERRY, SIMMS, and DOOLIN, JJ., concur.