Dear District Attorney Moss,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. Pursuant to 19 O.S. 956 (1988), is there a minimum numberof years that must be served by a county employee before he/sheis eligible to retire or to have a vested interest in retirementunder the "rule of eighty?"
2. May a county subject to 19 O.S. 951 (1981) et seq., asamended, rehire retired employees? If so, under what terms andconditions, i.e., regular full-time, part-time, or temporary? Andmust retirement benefits be suspended for any such re-employmentperiod?
3. May a county subject to 19 O.S. 951 (1981) et seq., asamended, engage the services of retired county employees asindependent contractors without affecting the retirement benefitsof such employees?
 INTRODUCTION
¶ 1 Title 19 O.S. 951 (1981), grants authority to the commissioners of any county having a population of 300,000 or more to provide by resolution for a retirement fund and system for any such county's employees. Statutory sections immediately following 19 O.S. 951 further relate to any such retirement system. We particularly note that 19 O.S. 952 provides in pertinent part that:
 Every county establishing a retirement fund and system under the terms of this act is authorized and directed to provide for the control and management of such system by resolution which in addition to other provisions shall provide for: (1) the qualifications of the persons eligible for retirement benefits; (2) the minimum age for retirement of employees; (3) the limitations of amounts to be paid to persons eligible for retirement benefits.
(Emphasis added).
¶ 2 This seemingly plenary power, however, is limited by some of the other sections, as we more fully explain later in this opinion. It is well recognized that while the Legislature can vest in executive officers the power to promulgate rules, such executive officers can only make rules conducive to the accomplishment of the legislative purpose expressed in statutes and cannot make rules that subvert statutes. Application ofState Bd. of Medical Examiners, 206 P.2d 211 (Okla. 1949). Also any rules promulgated must be in aid of and not in derogation of legislative purpose. Ibid. Authority to make rules does not include authority to make rules which extend powers beyond powers granted by statute. Adams v. Professional Practices Commission,524 P.2d 932 (Okla. 1974).
¶ 3 In this opinion we do not purport to interpret or even to take into account any rules or regulations adopted pursuant to an appropriate resolution by the commissioners of any county subject to these statutes. We limit our opinion to the interpretation of the statutes.
 I.
¶ 4 Despite the authority granted in 19 O.S. 951, supra, to the counties concerned we find that 19 O.S. 956 of the same act in its latest version (19 O.S. 956 (1988)) and in most pertinent part now provides as follows:
 No county employee shall be eligible for retirement benefits under this act until such employee:
 1. has attained the age of sixty-two (62) years and shall have served for a period of at least fifteen (15) years with said county, and the last two (2) years of such service shall have been consecutive immediately preceding such retirement; or
 2. has attained the age of fifty-five (55) years and shall have served for a period of at least thirty (30) years with said county; or
 3. has attained the age at which the sum of the employee's age and number of years of service with the county total eighty (80).
 To be eligible for retirement benefits the employee's service with the county shall have ceased. Provided, that any county employee who shall have completed fifteen (15) years of service as such county employee, the last two (2) years of which shall have been consecutive, and who, at the time of completing such fifteen (15) years of service shall not have reached the age of sixty-two (62) years, may then elect to retire, such retirement to become effective and all retirement benefits to begin when such county employee shall have attained the age of sixty-two (62) years, provided that such election shall be in writing upon such form as the board of trustees shall direct, and such election shall be signed by such employee and filed with the board of trustees, and any funds paid into the retirement system by such employee may not thereafter be withdrawn by such employee.
(Emphasis added).
¶ 5 There is a further proviso in this statute to the effect that when actuarial considerations permit and certain other conditions are met the requirement of at least fifteen years of service for those retiring before age sixty-two may be reduced to eight years.
¶ 6 It appears from the history of this section that as originally enacted in 1961 and through several non-relevant amendments until 1984 it provided that a county employee was entitled to retirement benefits only at age 62 and after at least fifteen years (or less if the actuarial soundness proviso mentioned supra was invoked) of service with the county. The second subparagraph of the first paragraph providing for receipt of benefits at age 55 after thirty years of service was added by Okla. Sess. Laws 1984, c.267, 6. The third subparagraph providing for the so-called "rule of eighty" was added by Okla. Sess. Laws 1986, c.62, 1. When the Legislature added the "rule of eighty" in 1986 it did not otherwise amend any of the existing language in19 O.S. 956, although its effect was to negate any applicability of the second subparagraph. That is to say, it is mathematically impossible to qualify for retirement benefits under the second subparagraph without having previously qualified for them under the third subparagraph's "rule of eighty." We think this is indicative of the Legislature's intent to make the third subparagraph's "rule of eighty" operable regardless of any other language in this section.
¶ 7 We are aware that there is language in 19 O.S. 956 that speaks of the "mandatory" fifteen years of service but we note that this language in the section dates from the period when the provisions of the first subparagraph, supra, were the only provisions for county employees to receive retirement benefits. Our reading of this language makes it applicable only to the provisions of the first subparagraph and not in any way to the "rule of eighty" provision. We therefore conclude that there is no minimum number of years that must be served by county employees to retire under the "rule of eighty."
 II.
¶ 8 It is well recognized that persons cannot be barred from public employment arbitrarily. Fort v. Civil ServiceCommission, 392 P.2d 385 (Ca. 1964). We find nothing in the pertinent statutes that prevents a county from rehiring retired employees. In the absence of such we conclude that counties may rehire retired employees.
¶ 9 May rehired retirees continue to receive their retirement benefits? We find no Oklahoma case law on this point, but the majority view from other jurisdictions is to the effect that they may unless a statute or other provision of law mandates otherwise. See: Harrill v. Teachers' State Employees'Retirement' System, 156 S.E.2d 702 (N.C. 1967); Maybury v.Coyne, 312 S.W.2d 455 (Ky. 1958); and, generally, "Effect of re-entry into public employment on retirement pension previously granted to public officer or employee," 162 A.L.R. 1469 (1946). Is there then a statute or other provision of law which applies to retirees of systems of counties of 300,000 population or more? We think that the emphasized language in 19 O.S. 956, supra,
is such a provision and clearly applies. Only when an employee's service with the county "shall have ceased" is he eligible for retirement benefits. We deem this language to apply whether the reemployment is regular full-time, part-time, or temporary. (Whether the rehired retiree may further participate in the retirement system and earn additional benefits depends on whether he or she meets the statutory definition found in 19 O.S. 957
(1988).)
 III.
¶ 10 May retired employees perform services via contract with the county without affecting their benefits? The distinction between employees and independent contractors is well recognized in the law and arises in many contexts. The distinction is often stated in terms of control and discretion. For example, the Oklahoma Supreme Court in Mistletoe Express Service v. Britt,405 P.2d 4 (Okla. 1965), quoted an earlier case as follows:
 [T]his Court has held and is committed to the general rule that an independent contractor is one who engages to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with performance of the service, except as to the result or product of the work.
405 P.2d at 7.
¶ 11 The definition of "employee" pertinent to retirement systems for counties of 300,000 population or more is found in19 O.S. 957 (1988), as follows:
 An "employee," as used in 19 O.S. 951 through 19 O.S. 962 of this title, shall include the elected or appointed salaried officials and regular full-time salaried employees of a county, and shall also include regular full-time employees of the county board of library trustees, county employees whose salaries are paid in whole or in part from the court fund of such county, and employees of any public trust created pursuant to law in which the county is the sole beneficiary of the public trust, if approved by the commissioners of said county.
¶ 12 There is nothing in this definition nor in any other provisions of the pertinent statutes that we have found that would indicate any legislative intent to do away with the traditional distinction between employees and independent contractors in this retirement system context. Since the statutory bar to receiving benefits discussed in Part II above relates only to employment, we conclude that counties may contract with a retiree without detriment to the retiree's benefits.
¶ 13 Whether any particular agreement with any particular retiree would confer on such retiree status as an employee or an independent contractor, of course, would be determinable only upon its own circumstances and facts. In any event, we point out that the standards enunciated in the Britt case, supra, are controlling.
¶ 14 It is, therefore, the official opinion of the AttorneyGeneral that:
1. There is no minimum number of years that must be served by acounty employee before he/she is eligible to retire or to have avested interest in retirement under the "rule of eighty" of 19O.S. 956 (1988).
2. Counties subject to 19 O.S. 951 (1981) et seq., asamended, may rehire retired employees. However, uponre-employment by the county, the retiree's retirement benefitsmust be suspended.
3. Counties subject to 19 O.S. 951 (1981) et seq., asamended, may engage the services of retirees as independentcontractors without affecting the retirement benefits of suchretirees.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
HUGH. H. COLLUM ASSISTANT ATTORNEY GENERAL