[No. A055125. First Dist., Div. One. Jan. 28, 1993.]

NADINE M. LONG et al., Plaintiffs and Respondents, v.
PKS, INC., et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

1294

**COUNSEL**

Boornazian, Jensen & Garthe, E.A. Mitchell and Robert A. Ballard for Defendants and Appellants.

Edwin Train Caldwell and Ralph J. Leardo for Plaintiffs and Respondents.

**OPINION**

**DOSSEE, J.**—Plaintiff was injured in a traffic accident in which her foster daughter was killed. Defendants contend the trial court erroneously allowed plaintiff to recover damages for the emotional distress she suffered from witnessing the fatal injuries to her foster daughter. Defendants also contend the court erred when it refused to allow them to present evidence on the lack of seat belts in plaintiff's car, and when it shifted the costs of expert witness fees to defendants.

As this was not a bystander case, plaintiff was properly allowed to recover damages she suffered as a result of witnessing the fatal injuries to her foster daughter. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Nadine M. Long was the driver of a car struck from behind by a tow truck driven by defendant Craig Judell and owned by defendant PKS,

Inc. Long's 27-year-old foster daughter, Dianna Malgren, was a passenger in the car. Long suffered bruises to her ribs and breasts, and a cervical sprain. Malgren suffered fatal injuries.

Malgren had lived with Long and her husband, plaintiff Ronald Long, since the age of seven. She had severe physical problems including a rare form of muscular dystrophy. The Longs wanted to adopt Malgren, but apparently Malgren's natural mother would not allow it.

Plaintiffs filed a complaint alleging five "Cause[s] of Action": negligence, wrongful death, "Dillon vs Legg,"[1] loss of consortium, and punitive damages. Defendants moved for judgment on the pleadings with respect to the wrongful death and "Dillon vs Legg" causes of action. The trial court granted defendants' motion but allowed plaintiffs to file an amended complaint.

Plaintiffs' amended complaint alleged the remaining three causes of action, plus a new cause of action for "Emotional Distress." Defendants responded with a demurrer, asserting the "Emotional Distress" cause of action was the same as the "Dillon vs Legg" cause of action in the original complaint. Defendants argued Nadine Long was not entitled to recover emotional distress damages suffered as a result of being a percipient witness to the injury or death of Malgren, because the relationship between Long and Malgren was not based upon blood, marriage, or adoption. Defendants also argued Ronald Long was not entitled to recover damages for loss of consortium because his claim was premised on his wife's emotional distress. The court sustained the demurrer without leave to amend with respect to the "Emotional Distress" cause of action.

Before trial, defendants moved to exclude evidence of the death of Malgren, Nadine Long's emotional distress caused thereby, and Ronald Long's loss of consortium. The court denied defendants' motions, reasoning that plaintiffs were allowed to recover damages resulting from Nadine Long's observation of the fatal injuries to Malgren in an accident in which Long herself was injured. The court did not consider the case to be a "Dillon type of case."

Plaintiffs moved to exclude evidence of the lack of seat belts in Nadine Long's car. The court ruled defendants could not raise the absence of seat belts as a defense.

Defendants admitted negligence. Trial proceeded on the issue of damages and the jury heard testimony from, among others, a psychiatrist and a "grief

---

[1] *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316].

counselor" regarding the relationship between Nadine Long and Malgren, and the emotional distress Long suffered as a result of being present when Malgren suffered fatal injuries. The court instructed the jury that they could award damages for the emotional distress Long suffered as a result of witnessing the injury and death of Malgren.

The jury returned a special verdict, awarding Nadine Long $41,080 for physical pain and suffering and economic damages, and $120,000 for emotional distress. The jury, however, found Long was 10 percent at fault. The jury awarded Ronald Long $30,000 for loss of consortium.

DISCUSSION

I. *Damages for Emotional Distress*

██ Defendants contend it was error to instruct the jury that it could award damages to Nadine Long for emotional distress arising out of witnessing the injury and death of Malgren.[2]

Defendants have provided this court with a lengthy discussion of the development of the "bystander" theory of negligent infliction of emotional distress. (See e.g., *Thing* v. *La Chusa* (1989) 48 Cal.3d 644 [257 Cal.Rptr. 865, 771 P.2d 814]; *Dillon* v. *Legg, supra,* 68 Cal.2d 728.) As plaintiffs point out, however, this is not a bystander case. Nadine Long was a "direct victim" of defendants' negligence, and, therefore, the limits on recovery by a bystander have no direct application here. (*Burgess* v. *Superior Court* (1992) 2 Cal.4th 1064, 1073 [9 Cal.Rptr.2d 615, 813 P.2d 1197].)[3]

██ Negligent infliction of emotional distress is not an independent tort; it is merely convenient terminology descriptive of the context in which the negligence occurred. (*Christensen* v. *Superior Court* (1991) 54 Cal.3d 868, 884 [2 Cal.Rptr.2d 79, 820 P.2d 181].) "Damages for severe emotional distress . . . are recoverable in a negligence action when they result from the breach of a duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a

---

[2]Ronald Long admitted that his loss of consortium damages were not the result of his wife's physical injuries. Therefore, as defendants additionally contend, Ronald Long's recovery turns on the propriety of his wife's recovery of emotional distress damages.

[3]With regard to recovery for emotional distress suffered by a witness to injury to another, the Supreme Court has stated: "*In the absence of physical injury or impact to the plaintiff himself,* damages for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." (*Thing* v. *La Chusa, supra,* 48 Cal.3d at p. 647, italics added.)

relationship between the two." (*Marlene F.* v. *Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 590 [257 Cal.Rptr. 98, 770 P.2d 278].) "If a cause of action is otherwise established, it is settled that damages may be given for mental suffering naturally ensuing from the acts complained of . . . ." (*State Rubbish Etc. Assn.* v. *Siliznoff* (1952) 38 Cal.2d 330, 338 [240 P.2d 282]; see Civ. Code, § 3333.)[4]

Defendants admitted they breached a duty to Nadine Long, but they argue her recovery should be limited—that she should not be allowed to recover the component of her damages arising from witnessing the fatal injuries to Malgren. The only basis for their argument is the bystander limitations, which, as previously noted, have no direct application here.

■ The limits on recovery by a bystander "reflect a public policy exception which limits the right of a bystander who did not suffer physical injury and was not threatened with such injury to recover damages for the emotional distress the bystander suffered as a result of witnessing negligent conduct which caused physical injury to a third person. If any and all bystanders who witnessed the injury-causing event were permitted to recover for ensuing emotional distress, the defendant's liability could be out of all proportion to the degree of fault. [Citations.]" (*Christensen* v. *Superior Court, supra,* 54 Cal.3d at p. 885.)[5]

The policies behind limiting recovery for emotional distress suffered by a bystander simply do not apply to a plaintiff who is a direct victim and suffers injury as a result of the defendant's negligence. With a direct victim such as Nadine Long, there is little fear that her claim is fraudulent or that defendants will be saddled with liability out of proportion to the degree of fault. The circumstances of the case "guarantee" the "genuineness" of Long's emotional distress. (See *Kately* v. *Wilkinson* (1983) 148 Cal.App.3d 576, 588 [195 Cal.Rptr. 902].)

■ While apparently no California court has resolved the precise issue before this court in a published decision,[6] existing case law on recovery of emotional distress damages by direct victims clearly points the way.

---

[4]Civil Code section 3333 provides that the measure of damages in a tort action "is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

[5]Another justification for limiting recovery of damages by bystanders is the fear of false claims. (*Dillon* v. *Legg, supra,* 68 Cal.2d at p. 735.)

[6]The facts of one case, *Elden* v. *Sheldon* (1988) 46 Cal.3d 267 [250 Cal.Rptr. 254, 758 P.2d 582], are very similar to the instant case, but the Supreme Court did not reach the issue before us. In *Elden,* the plaintiff sustained serious injuries in an automobile accident in which his "de facto spouse" suffered fatal injuries. (*Id.* at p. 269.) He alleged a separate cause of action for

In *Burgess* v. *Superior Court, supra,* 2 Cal.4th 1064, the issue was whether a mother could recover damages for negligently inflicted emotional distress suffered when her child was injured during the course of delivery. The defendant moved for summary adjudication on the issue of whether the mother could recover damages for emotional distress, arguing that the mother could not recover as a bystander because she did not contemporaneously observe her child's injury as required in a bystander situation (*ante,* fn. 2). The Supreme Court explained that the bystander criteria were not controlling because the mother was a direct victim of the defendant's negligence. (*Id.* at pp. 1075-1078.) The Supreme Court characterized the mother as a " 'traditional' " plaintiff with a professional negligence cause of action. (*Id.* at p. 1075.) "Any negligence during delivery which causes injury to the fetus and resultant emotional anguish to the mother, therefore, breaches a duty owed directly to the mother." (*Id.* at p. 1076.)

In holding the mother could recover for her emotional distress, the Supreme Court rejected the argument that public policy considerations should limit the mother's recovery. (2 Cal.4th, *supra,* at pp. 1079-1085.) The court did distinguish between damages for loss of filial consortium,[7] which the mother may not recover, and emotional distress arising from participating in an " 'abnormal event' " and reacting with "fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, physical pain, or other similar distress." (*Id.* at p. 1085.)[8]

Another pertinent direct victim case is *Kately* v. *Wilkinson, supra,* 148 Cal.App.3d 576. While *Kately* involved strict liability for a defective product, the opinion's discussion of emotional distress damages is still relevant. The plaintiff in *Kately* purchased a boat for waterskiing. While the plaintiff was operating the boat for that activity, with her daughter as a passenger and her daughter's friend as the skier, the boat's steering column locked. The boat circled in the water and struck the friend, fatally injuring her. The Court

negligent infliction of emotional distress suffered as a result of witnessing the injury to his de facto spouse. The Supreme Court, applying the bystander principles set forth in *Dillon* v. *Legg,* affirmed the dismissal of the cause of action. The court noted, however, that the plaintiff was a passenger in the car and had sustained physical injures, and thus, the case was factually distinguishable from *Dillon.* The court refused to decide whether this difference was significant because the parties had squarely framed the issue as whether the plaintiff could recover under the principles set forth in *Dillon.* (*Id.* at p. 270, fn.2.)

[7]Which includes damages arising from loss of the child's affection, society, companionship, and love. (*Burgess* v. *Superior Court, supra,* 2 Cal.4th at p. 1084.)

[8]Here, the trial court instructed the jury: ". . . Because this is not a case for the wrongful death of Dianna Malgren, damages [f]or emotional distress do not include and you shall not award such for the loss of love, companionship, comfort, affection, society, solace or moral support of Dianna Malgren, nor can it include grief for the loss of the foster child."

of Appeal first held that neither the plaintiff nor her daughter could state a cause of action for negligent infliction of emotional distress based upon the bystander theory because the victim was unrelated by blood or marriage. (*Id.* at pp. 581-585.) However, the court went on to hold that the plaintiff and possibly her daughter were direct and primary victims of the product defect. (*Id.* at p. 588.) After discussing the development of the direct victim theory in negligence cases (citing the seminal case *Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518]), the court concluded that regardless of whether the cause of action is for negligence, products liability, or breach of warranty, emotional distress was a foreseeable consequence of the defendant's conduct. (*Kately*, at pp. 586-588.) "Such distress is foreseeable regardless of the relationship between the plaintiff/operator of the boat and the victim. It is clearly predictable that the user of a defective product will feel guilt and responsibility for the injury or death of another . . . . This is not a type of emotional harm which people should be expected to absorb for their own good and that of society." (*Id.* at p. 588.)

Similarly, the emotional harm Nadine Long sustained was predictable and is not the type of harm she should be expected to absorb. Society has no justifiable interest in limiting Long's recovery for the emotional distress caused by defendants' conduct. Defendants make much of the fact that Long and Malgren were not related by blood or marriage, but the relationship of the parties in a direct victim case is relevant only in determining the validity and severity of the claimed emotional distress.[9] As stated by one federal court: "Whether plaintiff's emotional distress was caused by fear of imminent personal bodily harm, fear for the safety of third persons only, or both, and whether such stress reasonably could have been anticipated to result from defendant's negligent act, are questions of fact to be decided by the jury." (*Dobelle* v. *National R.R. Passenger Corp.* (S.D.N.Y. 1986) 628 F.Supp. 1518, 1526 [applying Pennsylvania law].)

In addition to the *Dobelle* court, other courts from other jurisdictions have similarly allowed recovery for emotional distress suffered by plaintiffs who

---

[9]In order to recover damages for emotional distress in a bystander case the plaintiff must be "closely related to the injury victim." (*Thing* v. *La Chusa, supra*, 48 Cal.3d at pp. 667-668.) The Supreme Court further explained: ". . . Absent exceptional circumstances, recovery should be limited to relatives residing in the same household, or parents, siblings, children, and grandparents of the victim." (*Id.* at p. 668, fn.10.)

Defendants' position throughout this case has been that the foster parent/child relationship between Nadine Long and Malgren does not satisfy the "closely related" requirement. The trial court apparently agreed with this position when it sustained defendants' demurrer to plaintiffs' "Emotional Distress" cause of action based on the bystander theory. We of course need not decide whether a foster relationship is close enough, but we will observe that the circumstances of the relationship between Long and Malgren would certainly appear "exceptional."

were involved in an accident and witnessed injuries to a third person unrelated by blood or marriage. (See *Pieters* v. *B-Right Trucking, Inc.* (N.D.Ind. 1987) 669 F.Supp. 1463 [applying Indiana law]; *Binns* v. *Fredendall* (1987) 32 Ohio St.3d 244 [513 N.E.2d 278]; *Eyrich for Eyrich* v. *Dam* (1984) 193 N.J.Super. 244 [473 A.2d 539].)

In *Pieters*, the plaintiff suffered injuries in an automobile/semitractor trailer collision in which her fiancé was killed. The *Pieters* court considered the same policy reasons we have previously discussed. The *Pieters* court pointed out that, as the plaintiff already had a claim for emotional distress for her own injuries, allowing her to recover for the emotional distress resulting from witnessing her fiancé's injuries would open no floodgates. (*Pieters* v. *B-Right Trucking, Inc., supra*, 669 F.Supp. at pp. 1470-1471.) Further, common sense would suggest a claim for such damages is anything but fraudulent. (*Id.* at p. 1471.)

Finally, as the court observed in *Eyrich*: "We are satisfied that once a plaintiff has been negligently placed within the area of physical risk and has actually sustained a physical impact, his cause of action for emotional distress is not limited to the psychological sequelae of fear for himself but rather comprehends all of the psychological sequelae which as a matter of reasonable foreseeability result from the episode as a whole." (*Eyrich for Eyrich* v. *Dam, supra*, 193 N.J.Super. 244 [473 A.2d at p. 546].)

As one who suffered physical injury as a result of defendants' negligence, Nadine Long was entitled to recover all reasonably foreseeable damages. Such damages included any emotional distress suffered as a result of witnessing the fatal injuries to Malgren. We therefore hold that the trial court properly instructed the jury to award damages to Nadine Long for any emotional distress she suffered as a consequence of defendants' negligence, and to award damages to Ronald Long for loss of consortium without regard to whether his loss was caused by physical or emotional injuries to his wife.

II., III.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgment is affirmed. The order after judgment regarding the defendants' motion to strike costs is modified to reflect that Judell, and not PKS,

---

*See footnote *ante*, page 1293.

Inc., is responsible for the costs of expert witness fees. As modified, that order is affirmed.

Newsom, Acting P. J., and Stein, J., concurred.

Appellants' petition for review by the Supreme Court was denied May 27, 1993. Panelli, J., Kennard, J., and Arabian, J., were of the opinion that the petition should be granted.